[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-14514
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 31, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00602-CV-2-WHA-CSC

ROGER REEVES,

Plaintiff-Appellant,

versus

DSI SECURITY SERVICES, INC.,
NUCOR (American Buildings),

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(August 31, 2010)

Before BLACK, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Roger Reeves, proceeding pro se, appeals the district court's grant of summary judgment in favor of DSI Security Services, Inc. and American Buildings Company (ABC) in his employment discrimination lawsuit brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a) and 3(a), and under 42 U.S.C. § 1981. Reeves contends that the district court erred by granting summary judgment to the defendants on his hostile work environment and retaliation claims. He also argues that the district court abused its discretion in denying his fifth motion to amend his complaint. Finally, Reeves challenges the district court's referral of his case to a magistrate judge for a ruling on his motion to amend his complaint and for a report and recommendation on the defendants' motion for summary judgment.

I.

We review de novo a grant of summary judgment, drawing all reasonable inferences in favor of the non-moving party. Brown v. City of Huntsville, Ala., 608 F.3d 724, 728 n.1 (11th Cir. 2010). We may affirm the district court's decision on any ground supported by the record. Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1364 (11th Cir. 2007).

Reeves brought racial discrimination claims under Title VII and § 1981, and the same analytical framework applies to both. Bryant v. Jones, 575 F.3d 1281,

2

1296 n.20 (11th Cir. 2009). To establish a claim based on allegations of a hostile work environment, a plaintiff must show:

> (1) that he belongs to a protected group; (2) that he has been subject to unwelcome harassment; (3) that the harassment must have been based on a protected characteristic of the employee, such as [race]; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) that the employer is responsible for such environment under a theory of vicarious or of direct liability.

Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir. 2002). To establish the "severe or pervasive" element, a plaintiff must show not only that he subjectively perceived the working environment to be abusive but also that a reasonable person would view the environment as hostile and abusive. Id. at 1276.

In evaluating whether the harassment was objectively severe, we look at the totality of the circumstances and consider, among other things, "(1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance." Id. The conduct is considered cumulatively instead of in isolation. Reeves v. C.H. Robinson Worldwide, Inc., 594 F.3d 798, 807 (11th Cir. 2010) (en banc). We do not consider statements or conduct that are unrelated to the defendant's race. See Baldwin v. Blue Cross/Blue Shield of Alabama 480 F.3d

3

1287, 1301–02 (11th Cir. 2007) ("Title VII does not prohibit profanity alone, however profane. It does not prohibit harassment alone, however severe and pervasive. Instead, Title VII prohibits discrimination, including harassment that discriminates based on a protected category" such as race.).

Reeves has failed to show that he was subjected to a working environment that a reasonable person would find to be hostile and abusive. Reeves complains that the defendants left him "hanging on the telephone" when he became ill at work and called for help. He also asserts that the defendants required him to drive to Dothan, Alabama for a reprimand after he hit a parked car and did not immediately report the accident. Reeves did not present any evidence, however, that the defendants' actions were racially motivated.

Reeves also refers to these other incidents: on two particular days DSI assigned overtime to white employees instead of to him; an ABC employee asked Reeves to check on a driver named "Coon" and a truck with the name "Crowley" on its side; the same ABC employee handed Reeves a package with the name "Boykin" on it. [1] Those allegations, which we accept as true for purposes of summary judgment, fall far short of establishing severe or pervasive racially discriminatory conduct. Moreover, Reeves failed to show how any of the instances

---

[1] Reeves argues that those incidents constituted implied racial epithets.

4

of alleged racial harassment affected his ability to perform his job. Because Reeves failed to demonstrate that he suffered severe or pervasive racial harassment that affected the terms and conditions of his employment, the district court properly granted summary judgment in favor of DSI and ABC on Reeves' hostile work environment claim.[2]

## II.

Reeves also contends that the defendants retaliated against him. To establish a prima facie case of retaliation under Title VII or § 1981, a plaintiff must prove that (1) he engaged in statutorily protected activity; (2) he suffered a materially adverse action; and (3) there was a causal connection between the protected activity and the materially adverse action. Goldsmith v. Bagby Elevator Co., 513 F.3d 1261, 1277 (11th Cir. 2008) (citing Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 126 S.Ct. 2405, 2410–16 (2006).). A materially adverse action is one that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington Northern, 548 U.S. at 68, 126 S.Ct. at 2415 (quotation omitted). "[P]etty slights, minor annoyances, and simple

---

[2] Reeves' brief discusses a number of additional incidents of alleged harassment, some of which he included in his fifth motion to amend his complaint. As we will explain later in this opinion, the district court properly denied that motion, and we do not address issues or arguments raised for the first time on appeal. See Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004).

lack of good manners" generally do not rise to the level of materially adverse actions. Id. at 68, 126 S.Ct. at 2415.

To establish that the protected conduct and the materially adverse action were not wholly unrelated, a plaintiff must show that the decisionmaker was aware of the protected conduct at the time of the adverse action. See Goldsmith, 513 F.3d at 1278; see also Brungart v. BellSouth Telecomms., Inc., 231 F.3d 791, 799 (11th Cir. 2000) ("A decision maker cannot have been motivated to retaliate by something unknown to him."). Close temporal proximity between the protected activity and the adverse action may be enough to show that the two were not wholly unrelated. Thomas, 506 F.3d at 1364. In the absence of other evidence tending to show causation, however, a "three to four month disparity" between the protected activity and the adverse action is "not enough" to show causation. Id.

Reeves did engage in statutorily protected conduct by filing a charge with the EEOC. However, all but one of the actions that Reeves viewed as being retaliatory were not materially adverse and the other one was not causally related to any protected conduct. Reeves was denied opportunities to work overtime in November 2006, July 2007, and November 2007, but DSI did not guarantee overtime to its employees, and Reeves was allowed to work overtime on other occasions. Requiring Reeves to drive to Dothan to receive a reprimand was at

6

most a "minor annoyance[ ]" that did not rise to the level of a materially adverse action.  See Burlington Northern, 548 U.S. at 68, 126 S.Ct. at 2415.  Ignoring Reeves' telephone calls when he became ill at work is at most a "petty slight" and is not conduct that would deter a reasonable person from filing a charge with the Equal Employment Opportunity Commission.  Id.  Reeves does not contend that he was disciplined after he left work to seek emergency medical treatment or that he suffered any loss in pay.  Also, even if Reeves did find offensive an ABC employee's remarks about a driver named "Coon," a "Crowley" truck, and a "Boykin" package, those remarks do not rise to the level of an adverse action.

Finally, Reeves failed to show any causal connection between his protected activities and DSI's delay in providing him with the enrollment information and forms for the company's 401k program.  Even if a delay in providing those forms were considered a materially adverse action, Reeves failed to show that the supervisors from whom he requested that information knew that he had filed a charge with the EEOC.  Because Reeves failed to establish a prima facie case of retaliation, the district court properly granted summary judgment in favor of DSI and ABC.[3]

---

[3] Because the district court correctly concluded that Reeves failed to establish a prima facie case of retaliation, we need not address the question of whether ABC was Reeves' employer for Title VII purposes.  In addition, we need not consider the defendants' arguments that some of Reeves' claims were barred by res judicata or by a failure to exhaust administrative

III.

We review a district court's denial of a motion to amend the complaint only for an abuse of discretion. Smith v. School Bd. of Orange County, 487 F.3d 1361, 1366 (11th Cir. 2007). Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be freely given "when justice so requires." Even so, a court may deny leave to amend if the party seeking it acted with undue delay or if the amendment would cause undue prejudice to the adverse party. Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962).

Reeves did not file his fifth motion for leave to amend his complaint until after the magistrate judge recommended that the district court grant the defendants' summary judgment motions. The district court had already given Reeves multiple opportunities to amend his complaint, and allowing him to add more claims and new factual allegations at that late stage in the proceedings would have unduly prejudiced the defendants. Therefore, the district court did not abuse its discretion by denying Reeves's fifth motion to amend his complaint.

IV.

A district court has statutory authority to refer a summary judgment motion to a magistrate judge for a report and recommendation. 28 U.S.C. § 636(b)(1)(B);

remedies.

8

see also Roell v. Withrow, 538 U.S. 580, 585, 123 S.Ct. 1696, 1700–01 (2003) ("[N]onconsensual referrals of pretrial but case-dispositive matters under § 636(b)(1) . . . leave the district court free to do as it sees fit with the magistrate judge's recommendations. . . ."). A district court may also designate a magistrate judge to rule on certain non-dispositive pretrial motions, such as a motion to amend a complaint. See 28 U.S.C. § 636(b)(1)(A). The district court need not obtain the consent of the parties before assigning these matters to a magistrate judge. See id. § 636(b)(1)(B)–(C).

Even though Reeves had requested that no magistrate judge be assigned to his case, the district court had the authority to refer to a magistrate judge Reeves' motion to amend his complaint. The district court also properly directed that judge to prepare a report and recommendation on the defendants' motions for summary judgment.

**AFFIRMED.**