[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13350
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 21, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:09-cv-00563-RAL-TBM

TAMARA COX,

Plaintiff-Appellant,

versus

CITY OF TAMPA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 21, 2011)

Before TJOFLAT, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Tamara Cox appeals pro se the summary judgment in favor of the City of

Tampa and against her complaints of discrimination based on a perceived

disability, 42 U.S.C. § 12101, and retaliation, 42 U.S.C. § 2000e-3(a). Cox argues that the City discriminated against her because it regarded her as disabled and the City retaliated against her for complaining about racial discrimination in 2006. Cox also argues that the district court erred by considering affidavits of the City and by ruling on the motion for summary judgment without holding an evidentiary hearing. We affirm.

Cox failed to establish a prima facie case of discrimination based on a perceived disability. "[A] person is 'regarded as' disabled within the meaning of the [Americans with Disabilities Act] if a covered entity mistakenly believes that the person's actual, nonlimiting impairment substantially limits one or more major life activities," Murphy v. United Parcel Serv., Inc., 527 U.S. 516, 521–22, 119 S.Ct. 2133, 2137 (1999), to the extent that the person is "precluded from more than one type of job," Cash v. Smith, 231 F.3d 1301, 1306 (11th Cir. 2000). Cox failed to establish that the City regarded her as having a disability that substantially limited her ability to work in a class or wide range of jobs. Although the City placed Cox on leave after learning that she had "sustained a 5% permanent impairment" and could not "lift [objects] above her head," the City told Cox to "contact Linda Fessell, Recruiting and Testing," to "assist [Cox] in seeking another position." Cox refused to apply for another position because she wanted

2

to retain her position as a records clerk.

Cox also failed to establish a prima facie case of retaliation. To establish a prima facie case of retaliation, Cox was required to prove that she engaged in statutorily protected activity, for which she suffered a "materially adverse action," and there was some causal relationship between the two events. Butler v. Ala. Dep't of Transp., 536 F.3d 1209, 1212–13 (11th Cir. 2008). Cox argues that, after she complained about racial discrimination in May 2006, she suffered four adverse employment actions: (1) she received four points less than a perfect score on her April 2007 performance evaluation; (2) she was forced in January 2008 to take a leave of absence; (3) she had her photograph placed in the reception area; and (4) she had her belongings removed from her desk. Cox failed to establish that the lower score on her evaluation, which her supervisor testified was "excellent," affected the terms or conditions of her employment in any manner and would have dissuaded a reasonable person from filing a complaint. See Crawford v. Carroll, 529 F.3d 961, 970–71 (11th Cir. 2008). Cox also failed to establish that her leave of absence and other alleged injuries were connected to her complaint in 2006. The actions of the City more than a year after Cox's complaint were too remote to establish causation based on close temporal proximity. See Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1364 (11th Cir. 2007).

Cox makes two other arguments, both of which fail. First, Cox argues that the district court relied on affidavits submitted by the City that contained false statements, but Cox fails to address this issue and explain her position in the argument section of her brief. See Fed. R. App. P. 28(a)(9). Second, Cox argues that she was "disenfranchised of . . . Rule 56 protections by entry of the order [granting summary judgment in favor of the City] by the [district] court in a fashion akin to being 'sua sponte,'" but the district court complied with the notice required by Federal Rule of Civil Procedure 56(c). See Smith v. Sch. Bd. of Orange Cnty., 487 F.3d 1361, 1367–68 (11th Cir. 2007). On May 3, 2010, the district court issued an order stating "that the [motion for summary judgment] will be taken under advisement without a hearing . . . as of May 28, 2010," and the district court extended that deadline to permit Cox to file a response in opposition to the motion.

The summary judgment in favor of the City of Tampa is **AFFIRMED**.