[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 1, 2011
JOHN LEY
CLERK

No. 11-10426
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-00045-JRH-WLB


PETER SHANKS,

                                                      Plaintiff-Appellant,

versus

JOHN E. POTTER,
Postmaster General USPS,
FREDRIC V. ROLAND,
President, National Letter Carriers,

                                                      Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(December 1, 2011)

Before CARNES, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Peter Shanks appeals the district court's dismissal of his complaint alleging hybrid § 301/fair representation claims under the Labor Management Relations Act (LMRA) and violations of the Family and Medical Leave Act (FMLA) against John E. Potter, Postmaster General of the United States Postal Service (USPS), and Fredric V. Rolando, President of the National Association of Letter Carriers (NALC). For the reasons that follow, we dismiss the appeal in part and affirm in part.

I.

Shanks, a former letter carrier, was fired on August 1, 2008, after he took unapproved leave to care for his ailing wife. Under the terms of the collective bargaining agreement between the USPS and the NALC, Shanks challenged his termination through the grievance process. On February 5, 2009, he received notice of the final decision upholding his termination. Shanks filed the instant complaint on March 31, 2010 alleging that his termination violated the FMLA, and that the USPS breached the collective bargaining agreement and the NALC breached its duty of fair representation, which constituted a hybrid §301/fair representation claim under the LMRA. Conducting the required screening under

2

the Prisoner's Litigation Reform Act (PLRA), 28 U.S.C. § 1915(e), the district court concluded that the hybrid §301/fair representation claims were due to be dismissed as untimely because Shanks had filed his complaint more than six months after he learned of the grievance process's final decision. The court also dismissed the claim against Rolando because an individual was not the proper defendant in a hybrid § 301/fair representation action. The district court then granted Potter's motion to dismiss the complaint for failure to state a claim because Shanks had not shown that he was an "eligible employee" under the FMLA. This is Shanks's appeal.[1]

## II.

We review *de novo* a district court's *sua sponte* dismissal of an *in forma pauperis* complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), viewing the allegations in the complaint as true. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). The same standards governing dismissals under Fed.R.Civ.P. 12(b)(6) apply to dismissals under § 1915(e)(2)(B)(ii). *Id*.

Section 301(a) of the LMRA provides:

---

[1] Shanks failed to object to the magistrate judge's orders denying his motion for appointment of counsel and granting Potter's motion to stay discovery. Thus, he has waived the right to appeal those issues here. Accordingly, we dismiss this part of Shanks's appeal. *Smith v. Sch. Bd. of Orange Cty.*, 487 F.3d 1361, 1365 (11th Cir. 2007); Fed. R. Civ. P. 72(a).

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).  Where an employee sues the employer for breach of the collective bargaining agreement and the union for breach of the union's duty of fair representation, the claims are known as hybrid § 301/fair representation claims.  *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164-65 (1983).

There is a six-month statute of limitations for hybrid § 301/fair representation claims.  *See id.* at 169-71; *Bartholomew v. AGL Resources, Inc.*, 361 F.3d 1333, 1342 (11th Cir. 2004).  Furthermore, the Supreme Court has held that state law claims are preempted by LMRA § 301 "when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract."  *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985).

Here, Shanks filed the instant complaint more than one year after receiving notice of the grievance process's final decision.  Thus, his hybrid § 301/fair representation claims were time-barred.[2]

---

[2]  Any attempts to recast those claims as state law claims must fail, as any state law claims based upon the collective bargaining agreement are preempted by § 301.  *See Allis-Chalmers*, 471 U.S. at 220.

## II

We review *de novo* a district court's dismissal pursuant to Fed. R. Civ. P. 12(b)(6). *Redland Co. v. Bank of Am. Corp*., 568 F.3d 1232, 1234 (11th Cir. 2009).

We follow a two-pronged approach in evaluating the sufficiency of a complaint: the court should (1) eliminate any allegations in the complaint that are mere legal conclusions, and (2) assume the veracity of the well-pleaded factual allegations and determine whether they "plausibly suggest an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S.Ct. 1937, 1950-51 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But this liberal construction does not mean that the court has a duty to re-write the complaint. *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006).

For purposes of the FMLA, an "eligible employee" is "an employee who has been employed ... (i) for at least 12 months by the employer with respect to whom leave is requested under section 2612 of this title; and (ii) for at least 1,250 hours of service with such employer during the previous 12-month period." 29 U.S.C.A. § 2611(2)(A)(i), (ii).

Here, the district court properly dismissed Shanks's FMLA claims because Shanks failed to show that he was an FMLA-eligible employee at the time that he sought to take leave. By not adequately alleging in his complaint that he was entitled to FMLA leave at the time that he attempted to take it, Shanks has failed to state an FMLA claim. *See Strickland*, 239 F.3d at 1207; *O'Connor*, 200 F.3d at 1353-54.

**AFFIRMED IN PART, DISMISSED IN PART.**