[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 4, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16624
Non-Argument Calendar

_____

D. C. Docket No. 04-01811-CV-ORL-28-DAB

GEORGE V. SMITH,

Plaintiff-Appellant,

versus

SCHOOL BOARD OF ORANGE COUNTY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 4, 2007)

Before DUBINA, CARNES and FAY, Circuit Judges.

PER CURIAM:

George V. Smith appeals the district court's grant of the School Board of Orange County's ("School Board") motion for summary judgment in Smith's pro se employment discrimination action. On appeal, Smith challenges several nondispositive orders entered by the magistrate judge, the district court's denial of his motion to amend his complaint, and the court's grant of the School Board's summary judgment motion. For the reasons discussed more fully below, we affirm.

## I. Background

In December 2004, Smith filed this pro se complaint against his former employer, the School Board of Orange County ("School Board"), alleging (1) race and age discrimination, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 623(a); (2) retaliation, in violation of Title VII and 42 U.S.C. §§ 1981 and 1983; and (3) deprivation of procedural due process rights, in violation of the Fourteenth Amendment to the United States Constitution. The district court entered a case management and scheduling order, explicitly indicating that "all parties (both represented and pro se) shall comply with this order, [and] with the Federal Rules of Civil Procedure . . . ." The scheduling order also provided that the date by which all motions to amend pleadings had to be filed

was September 16, 2005. Additionally, the scheduling order indicated the following with regard to motions for summary judgment:

> Each party opposing a motion for summary judgment shall serve, within <u>thirty</u> days after being served with such motion, a legal memorandum with citation of authorities in opposition to the relief requested as required by Local Rule 3.01(b). The memorandum in opposition shall specify the material facts as to which the opposing party contends there exists a genuine issue for trial, and shall be accompanied by affidavit(s) and other evidence in the form required by Fed. R. Civ. P. 56. . . . The Court takes a motion for summary judgment under advisement <u>thirty</u> days from the date it is served, unless the Court orders a different date. Unless specifically ordered, the Court will not hold a hearing on the motion. Failure to oppose any motion for summary judgment may result in the entry of a judgment for the movant without further proceedings. . . . All requirements in this [scheduling order] apply to <u>pro se</u> litigants as well as to parties represented by counsel.

Thereafter, Smith filed numerous motions relating to pre-trial discovery and Smith's representation by counsel. First, Smith filed a motion to compel witness to appear and be deposed, and a "motion to deem admitted" the admissions he served on the School Board. The magistrate denied both of those motions on November 23, 2005. Smith did not object to the magistrate's November 23 order. Next, Smith filed a large series of motions, including: (1) a "motion for order on compliance" requiring the School Board to comply with his request for admissions; (2) a "motion to determine sufficiency" requesting that the court find that the School Board's response to his complaint was insufficient; (3) another "motion to

3

determine sufficiency"; (4) another "motion for order on compliance"; (5) two "rebuttals" to the School Board's response to his "motion to determine sufficiency"; and (6) an "amended motion to determine sufficiency." On May 12, 2006, the magistrate denied the motions and ordered the rebuttals stricken because they failed to comply with the local rules of the Middle District of Florida. On May 26, 2006, Smith filed objections to the magistrate's May 12 order.

Smith later filed additional motions, including: (1) a motion for leave to file an amended complaint; (2) a "motion for intermittent appearance," requesting that the court permit him to retain counsel for certain specified actions; and (3) a motion for reconsideration of the magistrate's November 23, 2005 order, which motion he filed on June 9, 2006. The magistrate judge denied all of those motions on June 19, 2006, noting that counsel could not represent Smith in an "intermittent" fashion. Smith did not object to the magistrate's June 19 order.

Lastly, of relevance to the instant appeal, Smith filed the following motions: (1) a motion to compel responses to his interrogatories; (2) a "motion to determine sufficiency" of the School Board's response; (3) a "motion to compel [and] request for production"; (4) a "motion to limit time," requesting that the court not rule on any motion before three days from the date on which the motion was filed; (5) a "motion to compel" a witness to appear for a deposition; and (6) a "motion to

compel" a response to his interrogatory. On September 15, 2006, the magistrate denied all of the above-listed motions. Smith did not object to the magistrate's September 15 order, however, he filed a motion for reconsideration of that order on October 23, 2006.

Also on September 15, 2006, the School Board filed a motion for summary judgment. Smith did not file a response to the summary judgment motion. On October 19, 2006, however, Smith filed a motion for leave to file a second amended complaint, arguing that, through discovery, he had learned of new violations of the law committed by the School Board.

On November 21, 2006, the district court granted the School Board's motion for summary judgment and denied all pending motions as moot. The district court amended its order on November 29, 2006, though the record does not indicate a reason for the amended order and review of both orders reveals no substantive alterations. In its grant of the summary judgment motion, the court noted that Smith had not filed a response to the motion, but that the case management and scheduling order provided him with adequate notice of his obligations regarding a summary judgment motion and that he had "sporadic legal assistance in this case." Smith filed a notice of appeal as to the district court's November 21 order granting the School Board's motion for summary judgment and the court's November 29

amended order.

## II. Analysis

### A. Magistrate Judge's Orders

In his appellate brief, Smith requests reversal of four of the magistrate's orders, which were entered on the following dates: (1) November 23, 2005; (2) May 12, 2006; (3) June 19, 2006; and (4) September 15, 2006. In that regard, Smith argues that the magistrate erred in denying his various motions to compel depositions, require the School Board to respond to his request for admissions and interrogatories, and allow him to secure "intermittent" counsel.

We review a district court's discovery rulings for abuse of discretion. Maynard v. Bd. of Regents, 342 F.3d 1281, 1286 (11th Cir. 2003). We also review a district court's decision not to appoint counsel for abuse of discretion. United States v. Berger, 375 F.3d 1223, 1226 (11th Cir. 2004). The orders at issue here were all entered by the magistrate judge. According to Federal Rule of Civil Procedure 72:

> A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not

6

timely made.

Fed.R.Civ.P. 72(a). We have concluded that, where a party fails to timely challenge a magistrate's nondispositive order before the district court, the party waived his right to appeal those orders in this Court. Maynard, 342 F.3d at 1286; see also Farrow v. West, 320 F.3d 1235, 1249 n.21 (11th Cir. 2003) (holding that a pro se litigant waived his right to appellate review of a magistrate's nondispositive order by not objecting to the order before the district court, as required by Fed.R.Civ.P. 72(a)). In the instant case, it is undisputed that each order that Smith appeals is a nondispositive order, as none of the orders disposed of a claim or defense of any party. The School Board argues that Smith did not object to the magistrate's orders before the district court, and, thus, pursuant to Rule 72(a), he waived his right to raise those issues on appeal. Each order to which Smith asserts error is discussed in turn.

First, Smith claims that the magistrate erred in its November 23, 2005 order denying his motions to compel depositions and deem his admissions admitted. Smith did not object to that order before the district court, but rather, he filed a motion for reconsideration of the order on June 9, 2006. Because Smith did not filed objections to the magistrate's November 23, 2005 order, he has waived that issue for purposes of this appeal. See Fed.R.Civ.P. 72(a); see also Maynard, 342

F.3d at 1286. Further, even to the extent that his motion for reconsideration could be construed as objections to the order, that motion was filed beyond the 10-day limitation period for filing such objections, as specified in Rule 72(a).

Second, Smith maintains that the magistrate's May 12, 2006 order was similarly erroneous. Even though the School Board's argument on appeal contends otherwise, the record reflects that, on May 26, Smith did file objections to the May 12 order. As an initial matter, it is unclear whether Smith filed his objections within the time limit specified in Rule 72(a), namely, that objections must be filed within 10 days of being <u>served</u> with the magistrate's order. <u>See</u> Fed.R.Civ.P. 72(a). It is apparent that the objections were filed more than 10 days from the date that the magistrate issued the order, May 12, 2006, but it is not clear on what day Smith was served with that order. However, the district court's docket sheet indicates that copies of the May 12 order were mailed to Smith on May 15, 2006, and, thus, it is reasonable to assume that the earliest date on which Smith could have received the copy of the order was May 16, 2006, which would have made his objections filed on May 26 timely. <u>See</u> Fed.R.Civ.P. 72(a). Regardless, construing Smith's <u>pro se</u> brief liberally, and considering that the School Board does not contend that Smith filed the objections more than 10 days after he was served with the magistrate's order, we conclude that Smith's objections to the

8

magistrate's May 12 order were timely filed, pursuant to Rule 72(a). Nevertheless, review of the record reveals that the district court never ruled on the merits of Smith's objections, but the court did indicate in its order granting the School Board's motion for summary judgment that it denied all pending motions as moot. In light of our decision to affirm the district court's grant of the School Board's motion for summary judgment, discussed more fully below, and Smith's lack of argument in his appellate brief that his objections to the magistrate's order, which denied Smith's various discovery motions, were not moot, we affirm the district court's finding that the pending objections were moot.

Third, Smith argues that the magistrate's June 19, 2006 order was also erroneous. Smith did not file objections to this order, and, accordingly, he waived his right to appeal that issue. See Fed.R.Civ.P. 72(a); see also Maynard, 342 F.3d at 1286. Lastly, Smith contends that the magistrate's September 15, 2006 order was erroneous. Again, Smith did not object to the magistrate's order, though, on October 23, 2006, he did file a motion to reconsider that order. Nonetheless, to the extent that Smith's motion for reconsideration can be construed as an objection to the magistrate's September 15 order, it did not meet the 10-day time limit of Rule 72(a) because Smith filed it more than 30 days after the magistrate entered the order and, presumably, long after Smith was served with the order. See

9

Fed.R.Civ.P. 72(a); see also Maynard, 342 F.3d at 1286.

## B. Motion to Amend Complaint

In addition to appealing the four orders of the magistrate, Smith also appeals the district court's denial of his motion to amend his complaint, which he filed approximately one month after the School Board filed its motion for summary judgment. Smith asserts that he sought to amend his complaint in order to include facts and claims of which he had become aware only after the School Board withheld those facts from him during discovery.

We have explained that we "will only reverse a district court's denial of a motion to amend in instances in which the district court has clearly abused its discretion." Henson v. Columbus Bank & Trust Co., 770 F.2d 1566, 1575 (11th Cir. 1985). Pursuant to Fed.R.Civ.P. 15(a), a party seeking to amend its complaint after it previously has amended the complaint, or after a responsive pleading has been filed, may amend the complaint "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). However, where a party's motion to amend is filed after the deadline for such motions, as delineated in the court's scheduling order, the party must show good cause why leave to amend the complaint should be granted. See Fed.R.Civ.P. 16(b); Sosa v. Airprint Systems, Inc., 133 F.3d 1417, 1419 (11th Cir.

1998).

Here, it is undisputed that Smith previously had amended his original complaint and that the School Board had filed a responsive pleading to Smith's amended complaint. Further, the district court had entered a scheduling order that set forth the deadline for amending pleadings: September 16, 2005. Therefore, despite Smith's argument on appeal that the district court should have granted his motion to amend his complaint in accordance with the liberal amendment instructions of Rule 15(a), Smith still had to comply with Rule 16(b)'s good cause requirement because he filed his motion to amend on October 19, 2006, more than one year after the court's deadline for such motions. See Sosa, 133 F.3d at 1419 (explaining that, where a party files a motion to amend within the time prescribed in the court's scheduling order, this Court focuses on Rule 15(a) on appeal; but, where a party files an untimely motion to amend, this Court must first determine whether the party complied with Rule 16(b)'s good cause requirement).

Careful review of Smith's motion to amend his complaint reveals that Smith did not indicate with any specificity the good cause he had for untimely moving to amend his complaint. Smith alleged that discovery had "produced new violations of the [l]aw that must be addressed within the counts of the complaint," but he failed to further indicate what those new violations were, what facts supported

11

them, and why those facts previously were undiscoverable. Furthermore, the School Board's motion for summary judgment had been pending for approximately one month prior to Smith's motion to amend his complaint. The district court never ruled expressly on Smith's motion, but it denied the motion as moot when it granted the School Board's motion for summary judgment and made a general denial of all pending motions as moot. Given the extreme untimeliness of Smith's motion and his lack of a complete showing of good cause, the district court did not abuse its discretion in denying Smith the opportunity to amend his complaint before the court ruled on the summary judgment motion and denied all pending motions as moot.

### C. Motion for Summary Judgment

Smith argues on appeal that the district court erroneously granted the School Board's motion for summary judgment without first entering an order that specified a time by which he had to file his response to the summary judgment motion. Smith contends that he did not respond to the summary judgment motion because he was awaiting a notice from the court specifying a hearing date. He asserts that, according to Fed.R.Civ.P. 56, the court was required to notify him at least 10 days prior to its ruling that (1) it intended to rule on the motion without first holding a hearing and (2) he had an opportunity to respond to the motion prior

to the ruling.

We review a district court's grant of summary judgment de novo. Brooks v. County Comm'n of Jefferson County, Ala., 446 F.3d 1160, 1161 (11th Cir. 2006). Pursuant to Fed.R.Civ.P. 56(c), a motion for summary judgment "shall be served at least 10 days before the time fixed for the hearing." We have interpreted the notice requirement of Rule 56 as requiring "10-day advance notice to the adverse party that the motion and all materials in support of or in opposition to the motion will be taken under advisement by the trial court as of a certain day." Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984) (emphasis in original). "It is well settled in this circuit that Rule 56(c) does not require an oral hearing." Id. However, Rule 56(c) notice "requires at least this: that an adverse party must be given express, ten-day notice of the summary judgment rules, of his right to file affidavits or other material in opposition to the motion, and of the consequences of default." Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985). Thereafter, "the court may properly take the motion under advisement as of a day certain and may rule on the motion consistent with the dictates of procedural fairness required by Rule 56." Id. "We have held repeatedly that this requirement of notice will be deemed strictissimi juris and applies to all parties litigant." Id. (emphasis in original). Moreover, "a court should be particularly careful to ensure proper notice

13

to a pro se litigant . . . so that any rights that such a litigant might have will not be extinguished merely through failure to appreciate the subtleties of modern motion practice." Id. (quotation and citation omitted).

Here, the district court's case management and scheduling order met all the requirements of Griffith. Specifically, the scheduling order indicated that (1) a party opposing a motion for summary judgment had 30 days from the date of service to respond to the motion; (2) the response had to include a legal memorandum, affidavits, and other evidence establishing the existence of a genuine issue for trial; (3) the court would take the motion under advisement 30 days from the date it was served; (4) unless otherwise ordered, the court would not hold a hearing on the motion; (5) failure to respond to the motion could have resulted in the entry of judgment for the movant; and (6) the requirements applied to both counseled and pro se parties. The record reveals that the district court complied with the dates established in the scheduling order because it did not grant the School Board's motion for summary judgment until more than 60 days after it was filed, thereby providing 30 days for Smith to respond and 30 days in which the motion was under advisement by the court. Therefore, the district court provided Smith proper notice, as required under Rule 56(c).[1]

---

[1]To the extent that Smith argues in his reply brief that the district court should have voided the scheduling order upon receipt of his objections to that order, his argument is without

14

In light of the foregoing, the district court's grant of the School Board's motion for summary judgment and its denial of Smith's pending motions as moot is

**AFFIRMED.**

---

merit. Smith filed objections to the court's scheduling order after issuance of the order, arguing that his counsel had negotiated the scheduling order with the School Board, but his counsel improperly waived his right to discovery. Given that Smith's sole objection to the scheduling order had to do only with the discovery process, and not the process by which the court would dispose of motions for summary judgment, Smith cannot now complain that his objection to the scheduling order included objecting to the court's summary judgment procedure. See Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004) (holding that this Court will not consider issues not raised before the district court and raised for the first time on appeal).