[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15578
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 25, 2012
JOHN LEY
CLERK

D.C. Docket No. 5:11-cv-00041-RS-CJK


KARMEN FAILE,

Plaintiff - Appellant,

versus


ESTEE LAUDER TRAVEL RETAIL SERVICES, INC.,
THE ESTEE LAUDER COMPANIES, INC.,
CLINIQUE SERVICES, LLC,
DILLARD'S, INC.,

Defendants - Appellees.


_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 25, 2012)

Before EDMONDSON, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Karmen Faile appeals the denial of her motion to amend her complaint and the summary judgment in favor of Estee Lauder Travel Retail Services, Inc., The Estee Lauder Companies, Inc., Clinique Services, LLC (cumulatively "Estee Lauder"), and Dillard's, Inc. The district court ruled that Faile's untimely motion to amend was not supported by good cause. The district court also ruled that Estee Lauder could not be liable for an injury allegedly caused by a Dillard's employee and that Faile "offer[ed] no evidence" that Dillard's caused Faile to contract an antibiotic-resistant strain of staph infection in her right eyelid. We affirm.

Faile filed in a Florida court a complaint against Estee Lauder and Dillard's, and the two companies removed the complaint to the district court based on diversity of citizenship, 28 U.S.C. § 1332(a)(1). Faile alleged that she was "injured when a store employee, located at the Clinique/Estee Lauder counter[,] negligently applied makeup to [Faile's] . . . eyelid" and used "cosmetics and/or cosmetic applicators" that had not been "properly cleaned . . . by the store[]." Faile complained that Estee Lauder and Dillard's were negligent in four ways: (1) "[c]reating a hazardous condition by failing to properly clean its cosmetics and/or applicators"; (2) "[f]ailing to warn [Faile] of the hazardous condition"; 3)

2

"[f]ailing to have a safety or cleaning program in place to insure the sterility of its makeup products"; and (4) "[f]ailing to properly train its employees on proper makeup application."

After Estee Lauder and Dillard's moved for summary judgment, and after the deadline for amending the pleadings in the scheduling order, Faile moved to amend her complaint. The district court denied Faile's motion to amend, and the district court entered summary judgment in favor of Estee Lauder and Dillard's. The district court ruled that Estee Lauder "[could] not be held liable for the negligence, if any, of Dillard's." The district court also ruled that Faile failed to create a genuine dispute of material fact about whether the "makeover, or any negligence on Dillard's part, caused the staph infection" in Faile's eye.

The district court did not abuse its discretion by denying Faile's untimely motion to amend her complaint to allege that Estee Lauder had negligently failed to train Dillard's employees how to apply makeup. Faile moved to amend her complaint more than five months after the deadline to amend pleadings had expired, less than one month before the date scheduled for trial, and after Estee Lauder and Dillard's had moved for summary judgment. See Lowe's Home Ctrs., Inc. v. Olin Corp., 313 F.3d 1307, 1315 (11th Cir. 2002). Under Federal Rule of Civil Procedure 16(b), after the expiration of the deadline for amending the

3

pleadings, "as delineated in the court's scheduling order, the [plaintiff] must show good cause why leave to amend the complaint should be granted." Smith v. Sch. Bd. of Orange Cnty., 487 F.3d 1361, 1367 (11th Cir. 2007). The standard delineated in Rule 16 "precludes modification [of the scheduling order] unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting advisory committee's note to Rule 16). Faile learned during discovery that an employee of Dillard's had applied her makeup, and Faile already had alleged in her complaint that she had been "injured [by] a store employee." And Faile's proposed amendment would have unfairly prejudiced Estee Lauder by materially changing the complaint to hold it liable for the alleged actions of a Dillard's employee. Faile offered no good cause for her untimely motion.

The district court did not err by granting summary judgment in favor of Estee Lauder. Faile failed to produce any evidence that Estee Lauder was responsible for Faile's injury. Faile complained that her staph infection was caused by Estee Lauder failing to sterilize, warn of a lack of sterilization, or establish a program to sterilize its makeup, but Faile's expert witness, Dr. David Reifsnyder, an infectious disease specialist, testified that "[t]here's been no instance of a staph infection from unclean makeup" and tainted makeup caused

4

"pseudomonas, which is an entirely different bacteria." And Faile failed to establish that the makeup and applicators were owned or controlled by Estee Lauder. Cindy Hubbard, a field sales vice president of Clinique, testified that the "[p]roducts on display in the store are from Dillard's inventory, as are the products used during demonstrations and makeovers." Faile also complained that Estee Lauder failed to train its employees how to apply makeup properly, but Faile alleged in her complaint that the makeup was applied by a Dillard's employee. Estee Lauder could not be liable for any alleged negligence of Dillard's.

The district court also did not err by granting summary judgment in favor of Dillard's. Under Florida law, a plaintiff must satisfy the "more likely than not standard of causation" by establishing that the defendant "probably caused the . . injury." Gooding v. Univ. Hosp. Bldg., Inc., 445 So. 2d 1015, 1018 (Fla. 1984). Faile's expert witnesses refused to opine that Dillard's "more likely than not" caused Faile's staph infection. Dr. Mohamed Kassem testified that "it's very, very difficult to say where [Faile's staph infection] is coming from." Dr. William Bone, an infectious disease specialist, "d[id]n't have an opinion" about whether the makeover caused Faile's infection because it is "very, very difficult" to identify the source of a bacteria that is "ubiquitous, it's everywhere." Although Dr. James Corry, Faile's optometrist, stated in a letter that there was a "strong

possibility that the 'make over' triggered the infection," under Florida law, "'[a] mere possibility of . . . causation is not enough,'" <u>Gooding</u>, 445 So. 2d at 1018 (quoting Prosser, Law of Torts § 41 (4th ed. 1971)).  Faile testified that the symptoms of the staph infection manifested "two hours after the make over," but Dr. Reifsnyder testified that the incubation period for a staph infection "[could] be sometimes as short as one or two days" and "is usually four to ten days."  Faile argues that "it has become clear through discovery . . . that she suffered some kind of trauma to her . . . eyelid . . . which opened a portal [for] the staph bacteria" to enter her body, but Faile presented no evidence to support her theory.

We **AFFIRM** the summary judgment in favor of Dillard's.