[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15205
Non-Argument Calendar
_____

D.C. Docket No. 0:11-cv-62503-JIC

HILDA ESPINOSA,

Plaintiff-Appellant,

versus

BURGER KING CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 28, 2013)

Before BARKETT, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Hilda Espinosa appeals *pro se* the district court's grant of summary

judgment in favor of her former employer, Burger King Corporation ("Burger

King").  She sued Burger King Under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2(a), 2000e-3(a), 1981, and the Florida Civil Rights Act of 1992 ("FCRA"), Fla. Stat. § 760.10(1)(a), (7).

Ms. Espinosa essentially alleges that she suffered sexual harassment at a 2008 conference for Burger King managers. The harassment she alleges consisted of inappropriate sexual behavior by her roommate and other colleagues, who engaged in drunken and inappropriate behavior in her hotel room for a brief period of time.  After being fired, Ms. Espinosa brought suit against Burger King, alleging that her firing was discriminatory and in retaliation for her lawful complaints about the events at the conference.

As Ms. Espinosa is a *pro se* litigant, we must construe her allegations liberally, s*ee, e.g., Smith v. School Bd. of Orange Cnty.*, 487 F.3d 1361, 1366 (11th Cir. 2007) (construing *pro se* brief liberally), and accordingly we construe them as pleading that her harassment, discrimination, and retaliation claims were gender-based, which is a protected category under Title VII. We nevertheless conclude that summary judgment was properly granted against Ms. Espinosa on each claim.

As to Ms. Espinosa's sexual harassment claim, Ms. Espinosa has not shown that the dinner conversation and the brief incident in her hotel room with her drunken colleagues was "sufficiently severe or pervasive to alter the conditions of

2

the victim's employment and create an abusive working environment. " *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986) (quotation marks omitted).

As to Ms. Espinosa's discrimination and retaliation claims, we assume *arguendo* that she has established a *prima facie* case. However, there is not sufficient evidence in the record to conclude that Burger King's proffered non-discriminatory reasons for her firing was "pretextual or . . . that a discriminatory reason motivated the discharge." *Lee v. Russell Cnty. Bd. of Educ.*, 684 F.2d 769, 773 (11th Cir. 1982). Ms. Espinosa received failing scores in all but one of her Operation Evaluation Reports and inspections Burger King officials noted extensive and repeated problems with the management and operation of her restaurant. Although Ms. Espinosa points out that she received one "above average" review and increased profits at her branch, that evidence, when viewed in the light most favorable to Ms. Espinosa, is not sufficient to show that Burger King's stated legitimate reason for her termination was pretextual. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804 (1973).

**AFFIRMED.**

3