[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14534
Non-Argument Calendar
_____

D.C. Docket No. 9:09-cv-80207-KAM

GREEN ISLAND HOLDINGS, LLC,

Plaintiff-Appellee,

versus

BRITISH AMERICAN ISLE OF VENICE (BVI), LTD.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____
(June 6, 2013)

**ON REMAND FROM U.S. DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF FLORIDA**

Before TJOFLAT, KRAVITCH, and COX, Circuit Judges.

PER CURIAM:

In this diversity case, British American Isle of Venice, Ltd. (Isle of Venice) appeals the district court's final judgment in favor of Green Island Holdings, LLC. On appeal, Isle of Venice challenges the district court's denial of its motion to amend the Answer to add an affirmative defense and a counterclaim, a motion filed nineteen months after the scheduling-order deadline. The district court determined that Isle of Venice failed to show good cause to modify the order, as required by Federal Rule of Civil Procedure 16(b). We affirm.

I.

The underlying facts and procedural history are convoluted and tedious. We need only recite the facts necessary to affirm the district court's ruling.

Green Island sold its 100-percent membership interest in a company called Green Island Ventures, LLC, to Isle of Venice in July 2007. To pay (in part) for the membership interest, Isle of Venice executed a promissory note for about $56 million and secured the debt with the membership interest. After Isle of Venice failed to meet certain deadlines for payments, Green Island sued Isle of Venice for breach of the promissory note in February 2009, seeking the balance of the debt (about $38 million) and foreclosure on the membership interest. Isle of Venice filed an answer that included the affirmative defense that Green Island could not collect the debt because it had "fraudulently induced Isle of Venice to enter into the transaction" by paying incentives to Isle of Venice's directors. (R.1-15 ¶ 36.)

2

The district court issued a scheduling order that set a June 30, 2009, deadline for amending pleadings. (R.1-23 at 2.) Neither party amended their pleadings by the deadline, but Green Island had moved in April 2009 to strike Isle of Venice's affirmative defense for failure to meet Rule 9(b)'s specificity requirements for allegations of fraud.

The directors of Isle of Venice's corporate parent, British American Insurance Company, Ltd., and several of Isle of Venice's own directors resigned on June 30, 2009. Isle of Venice then moved for a stay of proceedings, which the court granted. During the stay, on August 18, 2009, Isle of Venice's counsel withdrew. The stay was lifted on August 28, and the district court addressed Green Island's pending Rule 9(b) motion on September 3. The district court construed it as a motion for a more definite statement under Rule 12(e) and allowed Isle of Venice ten days to replead. Isle of Venice moved for an extension but did not file an amended pleading. On October 19, 2009, the district court denied the extension, granted Green Island's motion to strike the affirmative defense, and warned Isle of Venice that it would allow no additional time to amend its affirmative defenses.

Isle of Venice declared bankruptcy under Chapter 15 of the U.S. Bankruptcy Code on April 29, 2010. The petition automatically stayed district court

3

proceedings until January 10, 2011, when the bankruptcy court lifted the stay to allow this case to proceed to judgment.

On January 14, 2011—almost nineteen months after the deadline—Isle of Venice moved, pursuant to Rule 15(a), to amend the Answer to add an affirmative defense and a counterclaim, both of which alleged that Green Island aided and abetted "the breach of fiduciary duties by former directors of Isle of Venice in connection with" the sale of Green Island Ventures. (R.2-78, Ex. A at 2, 12–13.) The district court denied the motion. In August 2011, the district court granted Green Island's motion for summary judgment, on which the parties had submitted their briefs before the automatic stay took effect. The court's ruling resolved the remaining claims, and judgment was entered in Green Island's favor.

II.

Isle of Venice appeals the final judgment and challenges the district court's denial of Isle of Venice's January 14, 2011, motion to amend.[1]

The district court correctly recognized, and neither party disputes, that Isle of Venice was required to show "good cause" to modify the scheduling-order deadline under Rule 16(b) before seeking leave to amend under Rule 15(a). (R.2-93 at 4 (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 n.2 (11th Cir.

---

[1] Isle of Venice also challenges the motion for summary judgment to the extent that, if the district court erred in denying its motion to amend, it also erred in granting summary judgment on the unamended pleadings.

1998)).)  We review the district court's denial of a request to modify a scheduling order, as well as a district court's denial of a motion to amend a pleading, for abuse of discretion.  *Millennium Partners, L.P. v. Colmar Storage, LLC*, 494 F.3d 1293, 1299 (11th Cir. 2007).

Rule 16(b) does not define good cause, but the advisory committee note indicates that good cause exists if the schedule "cannot reasonably be met despite the diligence of the party seeking the extension."  Fed. R. Civ. P. 16 advisory committee notes.  This court has considered the diligence of the party seeking leave to amend a factor in the good-cause analysis.  *See, e.g.*, *Romero v. Drummond Co.*, 552 F.3d 1303, 1319 (11th Cir. 2008); *Sosa*, 133 F.3d at 1419. We have considered several factors to demonstrate a party's lack of diligence, including the month-long pendency of a motion for summary judgment before the filing of the motion to amend, *see Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1367 (11th Cir. 2007), and the fact that the information providing the basis for the proposed amendment was available to the party before the deadline, *see id.*; *accord Sosa*, 133 F.3d at 1419.

The court concluded that Isle of Venice failed to show good cause.  The court reasoned that Isle of Venice had not taken the opportunity the court had given to amend its fraudulent-inducement affirmative defense under Rule 12(e). (R.2-93 at 4–5.)  The court also noted that the proposed affirmative defense bore

5

similarity to the affirmative defense that the Answer had originally included, implying that the basis for the proposed affirmative defense should have been available before the deadline for amended pleadings. (*See id.* at 5.)  The court reasoned further that Isle of Venice's liquidator, who had been appointed in October 2009 and claimed to have discovered the additional affirmative defense and counterclaim after investigating Isle of Venice's financial affairs, had had six months to seek an amendment before the proceedings were stayed in April 2010. (*Id.*)  Finally, the court found that allowing the amendment would unduly prejudice Green Island, particularly because discovery was complete and Green Island had filed a motion for summary judgment that each party had already fully briefed. (*Id.* at 5–6.)

Isle of Venice contends that it demonstrated good cause to amend the scheduling order.  First, it points out that when the district court allowed a Rule 12(e) amendment to the Answer in September 2009, Isle of Venice had not replaced its counsel (original counsel withdrew in August 2009) or its directors, rendering it, in Isle of Venice's terms, "a ship sailing at night unmanned and without power."  (Appellant's Br. at 5.)  Second, Isle of Venice contends that the liquidator's failure to attempt to amend the pleadings before the proceedings were stayed in April 2010 does not show a lack of diligence because the liquidator needed that time to gather the appropriate information to bring the claim.

6

We are not persuaded that Isle of Venice's contentions demonstrate an abuse of discretion by the district court. First, Isle of Venice had ample time—twenty-six days between withdrawal of original counsel (August 18, 2009) and the expiration of the time allowed for a 12(e) repleader (September 13, 2009)—to replace counsel. Isle of Venice's failure to do so indicates a lack of diligence, particularly given that several motions, including Green Island's motion to strike the affirmative defense, were pending at the time. Second, the liquidator's need to gather information before amending, which apparently delayed his motion to amend until after the stay had lifted, does not show that the district court abused its discretion in refusing to modify the scheduling order. The liquidator had six months before the stay to conduct his investigation and determine if he needed to seek leave to amend, but he did not do so. His delay suggests a lack of diligence in light of the appearance that the grounds for the proposed aiding-and-abetting affirmative defense and counterclaim were the same grounds that supported the fraudulent-inducement affirmative defense in the original Answer—indicating that at least some of the required information was already available.

We conclude that the district court did not abuse its discretion in denying Isle of Venice's request to modify the scheduling-order deadline for amendments to pleadings.

AFFIRMED.

7