[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10837
Non-Argument Calendar
_____

D.C. Docket No. 0:11-cv-62510-RNS


MARGARET JALLALI,

Plaintiff,

CYRUS A BISCHOFF,

Interested Party-Appellant,

versus

USA FUNDS,
WEST ASSET MANAGEMENT, INC.,

Defendants-Appellees,

SUN HEALTHCARE GROUP,

Defendant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____
(August 28, 2014)

Before PRYOR, MARTIN and COX, Circuit Judges.

PER CURIAM:

Cyrus Bischoff, former counsel for the plaintiff in the underlying district court action, appeals the district court's affirmance of the magistrate judge's order awarding defendants USA Funds and West Asset Management, Inc. sanctions pursuant to 28 U.S.C. § 1927.  Here, Bischoff timely appealed the magistrate judge's sanctions order to the district court, contending that the magistrate judge lacked jurisdiction to enter the order because he had withdrawn from the case.  The district court affirmed the magistrate judge's sanction.  Because the magistrate judge had jurisdiction to award sanctions, we affirm.

On appeal, Bischoff repeats his contention that the magistrate judge lacked jurisdiction to award sanctions because the district court had already granted Bischoff's request to withdraw as an attorney in the case.[1]  (Appellant's Br. at 23.) It is unclear what type of jurisdiction Bischoff contends the court lacked.  His argument appears to be that because he withdrew from the case, the district court no longer had statutory authority to sanction him under 28 U.S.C. § 1927.  So,

[1] Bischoff presents a variety of other arguments.  However, this is the only issue Bischoff objected to before the district court.  When a magistrate judge considers non-dispositive matters, a party may not assign as error on appeal a defect not timely objected to before the district court. *Smith v. School Bd. of Orange Cnty.*, 487 F.3d 1361, 1365.  Accordingly, Bischoff's other contentions are not preserved.

2

Bischoff's challenge is not to subject-matter or personal jurisdiction, but rather to the district court's authority under 28 U.S.C. § 1927—that is jurisdiction in a generic sense.

"We review a district court's sanctions order for abuse of discretion." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1237 (11th Cir. 2007). "A decision that is contrary to the law plainly is an abuse of discretion." *Id.* at 1238.

28 U.S.C. § 1927 allows a district court to sanction "[a]ny attorney or other person *admitted to conduct cases* in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously . . ." 28 U.S.C. § 1927 (emphasis added). Bischoff contends that this statute could not be applied once he withdrew from the case. However, we can discern no such limitation from the statute. And, Bischoff provides no reason or authority for imposing such a limitation. To the contrary, the statute plainly applies to "any attorney . . . admitted to conduct cases," and is not limited to the current attorney of record at the time a sanction is made. *Id.*

Accordingly, we find no error and affirm the district court's affirmance of the magistrate judge's order.

**AFFIRMED.**

3