[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13958
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-03356-RLV

NICOLE DIAZ,

Plaintiff-Appellant,

versus

ALICIA BURCHETTE,

Defendant,

AT&T MOBILITY,
(Formerly Bell South),

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 22, 2014)

Before MARCUS, WILLIAM PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Nicole Diaz, proceeding pro se, appeals following the district court's grant

of defendant AT&T Mobility's ("AT&T") motion for summary judgment in Diaz's suit against AT&T alleging unlawful retaliation in violation of Title VII, 42 U.S.C. § 2000e-3(a).  On appeal, Diaz argues that the district court erred in: (1) denying her request for leave to amend her complaint; (2) granting AT&T's motion for summary judgment on the retaliation claim after it concluded that she had failed to show a causal connection between her filing of an EEOC complaint against AT&T and AT&T's placing a "not eligible for rehire" notation in her personnel file two months later; and (3) concluding that she failed to rebut AT&T's proffered legitimate, non-retaliatory reason for placing the "not eligible for rehire" notation in her personnel file.  After thorough review, we affirm.

We review the denial of a motion to amend a complaint for abuse of discretion.  Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001).  We also review for abuse of discretion the district court's decision to enforce its pre-trial scheduling order.  Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998). We review a district court's grant of summary judgment de novo.  Holloman v. Mail-Well Corp., 443 F.3d 832, 836 (11th Cir. 2006).  Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmovant, presents no genuine issue of fact and compels judgment as a matter of law.  Id. at 836-37.  Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys, and are therefore liberally construed.  Tannenbaum

v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).  Nevertheless, we require pro se litigants to conform to procedural rules.  Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007).  Moreover, issues not raised in the district court by pro se litigants are normally deemed waived.  Tannenbaum, 148 F.3d at 1263.

First, we are unpersuaded by Diaz's claim that the district court erred in denying her request for leave to amend her complaint.  A party may amend her pleading as a matter of course within 21 days after serving it, or 21 days after service of a responsive pleading.  Fed.R.Civ.P. 15(a)(1)(A)-(B).  "In all other cases, a party may amend [her] pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed.R.Civ.P. 15(a)(2).  Where, as here, a party files an untimely motion to amend, we must first determine whether the party complied with Rule 16(b)'s good cause requirement.  Sosa, 133 F.3d at 1419.  Rule 16's good cause standard precludes modification of a scheduling order unless the deadlines cannot "be met despite the diligence of the party seeking the extension."  Id. at 1418-19 (citing Fed. R. Civ. P. 16 advisory committee's note).

A district court may deny a motion to amend on "numerous grounds, such as undue delay, undue prejudice to the defendants, and futility of the amendment."  Maynard v. Bd. of Regents of the Div. of Univs. of the Fla. Dep't of Educ., 342 F.3d 1281, 1287 (11th Cir. 2003) (citation and quotations omitted).  We have

3

affirmed the denial of a pro se plaintiff's motion to amend his amended complaint when it was filed more than one year after the deadline set forth in a scheduling order, in the absence of any showing of good cause for the untimeliness. See Smith v. School Bd. of Orange County, 487 F.3d 1361, 1366-67 (11th Cir. 2007).

Here, the district court did not abuse its discretion in denying Diaz's motion for leave to amend her complaint, filed over a year after the district court's deadline to amend pleadings and after AT&T had moved for summary judgment. Diaz did not provide an explanation as to why she did not seek to amend her complaint earlier, even though the information she sought to include was known to her prior to filing her original complaint. Nor did she make any showing of good cause for her failure to seek to amend her complaint within the time limit set by the district court's scheduling order. See Fed.R.Civ.P. 16(b); Sosa, 133 F.3d at 1419. Nor did the district court abuse its discretion in determining that amending the complaint after the close of discovery and after AT&T had filed its motion for summary judgment would have resulted in considerable prejudice to AT&T and unduly delayed the proceedings. See Maynard, 342 F.3d at 1287.

We also reject Diaz's argument that the district court erred in granting AT&T's motion for summary judgment on her retaliation claim. "To establish a claim of retaliation under Title VII . . . , a plaintiff must prove that [s]he engaged in statutorily protected activity, [s]he suffered a materially adverse action, and there

4

was some causal relation between the two events." Goldsmith v. Bagby Elevator Co., 513 F.3d 1261, 1277 (11th Cir. 2008). A plaintiff establishes a causal connection by showing that the relevant decision-maker was "aware of the protected conduct, and that the protected activity and the adverse actions were not wholly unrelated." Shannon v. Bellsouth Telecomm., Inc., 292 F.3d 712, 716 (11th Cir. 2002) (quoting Gupta v. Fla. Bd. of Regents, 212 F.3d 571, 590 (11th Cir. 2000)). The plaintiff bears the burden of persuasion "to proffer evidence sufficient to permit a reasonable fact finder to conclude that the discriminatory animus was the 'but-for' cause" of the adverse action. Sims v. MVM, Inc., 704 F.3d 1327, 1332 (11th Cir. 2013).

Where, as here, a plaintiff uses circumstantial evidence to prove discrimination under Title VII, we apply the burden-shifting approach articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Brown v. Ala. Dep't of Transp., 597 F.3d 1160, 1181 (11th Cir. 2010). Under this approach, a plaintiff must first make a prima facie case of retaliation. See McDonnell Douglas, 411 U.S. at 802. If the plaintiff does so, the employer then must articulate a legitimate, non-retaliatory reason for the challenged employment action as an affirmative defense to liability. Goldsmith, 513 F.3d at 1277. The plaintiff bears the ultimate burden of proving retaliation by a preponderance of the evidence and that the reason provided by the employer is a pretext for prohibited retaliatory conduct. Id.

5

The record here shows that Diaz did not establish a causal connection between the September 2009 filing of her EEOC Charge and AT&T's decision to add the "not eligible for rehire" notation in her personnel file on November 19, 2009. Indeed, the record is devoid of any evidence that AT&T's relevant decision-makers had any knowledge of the 2009 EEOC Charge when updating Diaz's record. See Shannon, 292 F.3d at 716. Diaz herself conceded that she did not know whether any of the decision-makers for the positions she applied for were aware of her 2009 EEOC Charge, and she did not know who at AT&T was aware of the EEOC charge. In any event, even if Diaz had established a causal connection, she failed to rebut AT&T's proffered legitimate, non-retaliatory reason for its decision to place the "not eligible for rehire" notation in her file. See Goldsmith, 513 F.3d at 1277. Accordingly, we affirm the grant of summary judgment to AT&T.

**AFFIRMED**.