[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11799
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-00115-WS-C

DEREK QUINN,

Plaintiff-Appellant,

versus

DEUTSCHE BANK NATIONAL TRUST COMPANY,
SAXON MORTGAGE SERVICES, INC.,
OCWEN LOAN SERVICES, LLC,

Defendants-Appellees,

NOVASTAR MORTGAGE FUNDING TRUST,

Defendant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(September 3, 2015)

Before MARCUS, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Derek Quinn appeals pro se from the district court's grant of summary judgment to the defendants -- Deutsche Bank National Trust ("Deutsche Bank"), Saxon Mortgage Services ("Saxon"), and Ocwen Loan Services, Inc. ("Ocwen") -- in his civil suit alleging violations of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 et seq., and various state law claims.  On appeal, Quinn argues that: (1) the magistrate judge erred by "forc[ing him] to represent himself" after his attorney withdrew from representation; (2) the court violated his due process rights by not allowing him adequate time to respond to the motions for summary judgment when it denied his motion for an extension of time to file a response; and (3) the district court abused its discretion by denying his motion to amend his complaint because his attorney improperly pled the initial complaint and the defendants would not have been prejudiced by allowing him to amend the complaint.  After thorough review, we affirm.

Generally, we review for abuse of discretion a district court's decision not to appoint counsel for a civil litigant, a district court's denial of a motion for an extension of time to file a response to a motion for summary judgment, and a district court's denial of leave to amend the complaint.  Smith v. Sch. Bd. of Orange Cnty., 487 F.3d 1361, 1365 (11th Cir. 2007); Young v. City of Palm Bay,

2

Fla., 358 F.3d 859, 863 (11th Cir. 2004); Covenant Christian Ministries, Inc. v. City of Marietta, Ga., 654 F.3d 1231, 1239 (11th Cir. 2011).  However, "where a party fails to timely challenge a magistrate's nondispositive order before the district court," the party waives his right to challenge those orders on appeal. Smith, 487 F.3d at 1365; see also Fed.R.Civ.P. 72(a) (providing that a party must object to a magistrate judge's nondispositive order within 14 days of being served with the order).  Under the abuse-of-discretion standard, a district court may choose from "a range of options" and will not be reversed unless it commits "a clear error in judgment." Young, 358 F.3d at 863.  A district court does not abuse its discretion by refusing to accept an untimely filing; "[d]eadlines are not meant to be aspirational." Id. at 864.

First, we reject Quinn's claim that the district court abused its discretion by refusing to appoint counsel for Quinn.  It is well established that "[a] plaintiff in a civil case has no constitutional right to counsel," Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999), although a court may appoint counsel for an indigent plaintiff, see 28 U.S.C. § 1915(e)(1); Bass, 170 F.3d at 1320.

The record in this case reveals that Quinn never objected to the magistrate judge's order allowing his attorney to withdraw and ordering Quinn to proceed pro se until he retained new counsel.  He has, therefore, waived any argument that the magistrate judge's decision on this matter was in error.  See Smith, 487 F.3d at

3

1365.  But even if Quinn had objected to the order, we would nevertheless find no abuse of discretion, since the magistrate judge made no clear error of judgment in determining that Quinn, who had previously practiced law, was capable of representing himself until he retained new counsel.

Next, we find no merit to Quinn's claim that the district court violated his due process rights by not allowing him adequate time to respond to the motions for summary judgment when it denied his motion for an extension of time to file a response.  Southern District of Alabama Local Rule 7.2(b) provides that a party must respond to a motion for summary judgment "[w]ithin [30] days, or as may be otherwise ordered" by the court.  S.D. Ala. Loc. R. 7.2(b).  A court may, for good cause, extend the time for responding to a motion where the party made a motion for an extension of time after the deadline for responding has passed "if the party failed to act because of excusable neglect."  Fed.R.Civ.P. 6(b)(1)(B).

Here, the deadline for responding to the motions for summary judgment set by the district court, 28 days from the filing of the motions, was proper under Local Rule 7.2(b).  Although the rule ordinarily provides 30 days in which to respond, the rule provides that the court may set a deadline of its choosing.  S.D. Ala. Loc. R. 7.2(b).  Moreover, Quinn's motion for an extension of time to respond to the motions for summary judgment was filed nearly a week <u>after</u> the deadline for responding had passed, and as the court found, Quinn's motion was based on

4

his demonstrably false claim that he did not know of the motions for summary judgment. Because Quinn failed to show "excusable neglect" for his tardiness in seeking the extension, the district court did not abuse its discretion in denying Quinn's untimely motion for an extension of time.

Finally, we are unpersuaded by Quinn's claim that the district court abused its discretion by denying his motion to amend his complaint. Unless otherwise specified, a party may amend its pleading "only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). A court "should freely give leave when justice so requires." Id. Nevertheless, the court may deny leave to amend on numerous grounds, including prejudice to the defendant and undue delay. Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't. of Educ. ex rel. Univ. of S. Fla., 342 F.3d 1281, 1287 (11th Cir. 2003).

A district court in a civil action shall issue a scheduling order in which it must limit the time to amend the pleadings. Fed.R.Civ.P. 16(b)(3)(A). Once a scheduling order is entered, a party must demonstrate good cause for seeking leave to amend its complaint after the deadline. Fed.R.Civ.P. 16(b)(4); S. Grouts & Mortars, Inc. v. 3M Co., 575 F.3d 1235, 1241 (11th Cir. 2009). A lack of diligence in pursuing a claim is sufficient to show a lack of good cause. S. Grouts, 575 F.3d at 1241. A plaintiff's request to amend his complaint based on facts already known to him before he filed suit indicates a lack of diligence in prosecuting the

suit.  Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998).  District courts have wide discretion in deciding whether to grant leave to amend after the filing of responsive pleadings, and in the face of an imminent adverse ruling. Lowe's Home Ctrs., Inc. v. Olin Corp., 313 F.3d 1307, 1314-15 (11th Cir. 2002) (motion for leave to amend filed after adverse summary judgment motion).

As the record shows, Quinn did not move to amend his complaint until over seven months after the deadline to file amended pleadings under the scheduling order had passed. In an attempt to show good cause for seeking to amend his complaint after the deadline, he argued that his attorney did not properly plead the case and that he desired to plead claims that conformed with the facts of the case. Yet as the court held, Quinn was bound by the actions of his freely-chosen counsel. See Barger v. City of Cartersville, Ga., 348 F.3d 1289, 1295 (11th Cir. 2003) (holding that the plaintiff could not "avoid the consequences of the acts or omissions of [her] freely selected [attorney]").  Moreover, Quinn sought to amend his complaint based on facts already known to him before he filed suit -- indicating his lack of diligence in prosecuting the case.  Finally, when Quinn filed his motion, the defendants' motions for summary judgment were fully briefed.  Thus, the district court properly held that allowing amendment of the complaint would cause undue prejudice to the defendants and excessive delay of the litigation.  For these

6

reasons, the district court did not abuse its discretion in denying the motion to amend.

**AFFIRMED**.