[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-14154
Non-Argument Calendar

_____

D.C. Docket No.  2:12-cv-00073-RWS


THERESE VERONICA NATTY,

Plaintiff - Appellant,

versus

JAILER OFFICER MORGAN,
DISTRICT ATTORNEY BAGGARD,
SHERIFF STEVE CRONIC,
OFFICER STROUTS,
LT. MECHIMINO, et al.,

Defendants - Appellees.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 16, 2015)

Before MARCUS, WILLIAM PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Therese Veronica Natty, proceeding *pro se*, appeals the district court's dismissal without prejudice of her 42 U.S.C. § 1983 action for failure to properly serve any of the named defendants within the 120-day time period established by Federal Rule of Civil Procedure 4(m). Natty contends (1) the district court erred in dismissing her § 1983 action under Rule 4(m), and (2) the district court erred in denying her motion for appointment counsel. We affirm.[1]

The district court did not abuse its discretion in dismissing Natty's § 1983 action without prejudice under Rule 4(m) because Natty failed to serve the defendants within the 120-day time period and she has not shown good cause for failing to do so. *See* Fed. R. Civ. P. 4(m) (providing "[i]f a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice" unless "the plaintiff shows good cause for the failure"). Natty's argument she did not receive the orders and documents necessary to serve the defendants until after the 120-day time period elapsed does not establish good cause. Natty was made fully aware of the relevant documents and law regarding

---

[1] We review for abuse of discretion a district court's dismissal without prejudice of a plaintiff's complaint for failure to timely serve a defendant under Rule 4(m). *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009). We also review for abuse of discretion a district court's denial of a motion for appointment of counsel. *Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1365 (11th Cir. 2007).

Rule 4 service requirements by April 14 at the latest—more than two months before her 120-day window expired—when the magistrate judge entered an order explicitly reminding Natty "she is responsible for service of process upon the Defendants in [both of her lawsuits] as provided in Federal Rule of Civil Procedure 4." Nonetheless, Natty made no attempt to serve the defendants until after the 120-day time period had elapsed. Even then, Natty's belated attempt to serve the defendants was insufficient because she simply mailed papers to the defendants. *See* Fed. R. Civ. P. 4(e)(2) (requiring personal service on an individual absent waiver). On this record, the district court did not abuse its discretion in dismissing Natty's action without prejudice under Rule 4(m) for failing to properly serve the defendants.

The district court also did not abuse its discretion in denying Natty's motion for appointment of counsel because Natty's § 1983 action is not so complex or novel as to require appointed counsel. *See Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (explaining appointment of counsel in civil cases is "a privilege justified only by exceptional circumstances, such as the presence of facts and legal issues which are so novel or complex as to require the assistance of a trained practitioner" (alterations omitted)).

**AFFIRMED**.

3