[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16499
Non-Argument Calendar
_____

D.C. Docket No. 2:15-cv-00134-WKW-SRW

DEBRA SKANES,

Plaintiff-Appellant,

versus

FEDEX,

Defendant,

FEDEX GROUND PACKAGE SYSTEM,
INC.,

Intervenor Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(May 14, 2018)

Before MARTIN, NEWSOM, and FAY, Circuit Judges.

PER CURIAM:

Debra Skanes, proceeding *pro se*, appeals from the district court's grant of summary judgment in favor of FedEx Ground Package System, Inc., on her Carmack Amendment claim, 49 U.S.C. § 14706. Skanes raises two issues on appeal. First, she asserts that FedEx Ground should not have been permitted to amend its motion for summary judgment. Second, on the merits, she contends that FedEx Ground was not entitled to summary judgment on her Carmack Amendment claim.

## I

Skanes first asserts that the district court erred when it adopted the magistrate judge's report and recommendation allowing FedEx Ground to amend its summary judgment motion—in particular, to substitute a copy of the "tariff" that governed her particular shipment, in place of the one originally submitted, which post-dated her shipment. We disagree.

Federal Rule of Civil Procedure 56(e)(1) states that "if a party fails to properly support an assertion of fact," among other options "the court may give an opportunity to properly support or address the fact …." Fed. R. Civ. P. 56(e)(1). Here, the magistrate judge recommended that the district court permit FedEx Ground to make the substitution and notified the parties that any objections to its

recommendation should be filed within 14 days.  It is undisputed that Skanes failed to timely object.  Instead, three days after the deadline, Skanes filed an objection asserting that she would suffer prejudice if the amendment was permitted. Skanes's belated objection is unavailing for two reasons.  First, by failing to timely object to the magistrate judge's recommendation, she waived her right to appeal the substitution issue.  *See, e.g.*, Fed. R. Civ. P. 72(a); *Smith v. School Bd. of Orange County*, 487 F.3d 1361, 1365 (11th Cir. 2007).  Second, and in any event, she failed to provide any clear explanation of the supposed prejudice, and it is difficult to see what that prejudice might be, as it is undisputed that that both versions of the tariff contained the same terms, conditions, provisions, and limitations.

The district court did not err in permitting the FedEx Ground to amend its summary judgment motion.

## II

Skanes next contends, on the merits, that the district court erred in granting FedEx Ground summary judgment.  We review the grant of summary judgment *de novo*, viewing the evidence in the light most favorable to the nonmoving party. *Johnson v. Governor of Fla.*, 405 F.3d 1214, 1217 (11th Cir. 2005).  Summary judgment should be granted only when the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

3

matter of law. Fed. R. Civ. P. 56(a). In reviewing orders granting summary judgment, we resolve all reasonable doubts about the facts in favor of the non-movant. *Burton v. City of Belle Glade*, 178 F.3d 1175, 1187 (11th Cir. 1999). "[M]ere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005).

"The Carmack Amendment creates a uniform rule for carrier liability when goods are shipped in interstate commerce." *Smith v. United Parcel Serv.*, 296 F.3d 1244, 1246 (11th Cir. 2002). To accomplish uniformity, the Carmack Amendment pre-empts state law claims arising from failures in both the transportation and delivery of goods. *Id.* at 1247–48 (determining that the plaintiffs' claims of fraud, negligence, and willfulness were pre-empted by the Carmack Amendment because the claims clearly related to the delivery of goods under a contract of carriage). The pre-emptive effect of the Carmack Amendment is broad and embraces "all losses resulting from any failure to discharge a carrier's duty as to any part of the agreed transportation." *Georgia, F. & A. Ry. Co. v. Blish Milling Co.*, 241 U.S. 190, 196 (1916).

Under the Carmack Amendment, a carrier is generally responsible "'for the actual loss or injury to the property caused by' the carrier." *UPS Supply Chain Sols., Inc. v. Megatrux Transp., Inc.*, 750 F.3d 1282, 1286 (11th Cir. 2014) (citing

49 U.S.C. § 14706(a)(1)). However, the carrier may limit its liability "'to a value established by written or electronic declaration of the shipper or by written agreement between the carrier and shipper if that value would be reasonable under the circumstances surrounding the transportation.'" *Id.* (citing 49 U.S.C. § 14706(c)(1)(A)). In addition to a declaration or agreement, the carrier must, upon request of the shipper, provide "a written or electronic copy of the rate, classification, rules, and practices upon which any rate applicable to a shipment, or agreed to between the shipper and the carrier, is based." *Id.* (citing 49 U.S.C. § 14706(c)(1)(B)).

We use a four-step inquiry to determine whether the carrier has effectively limited its liability under the Carmack Amendment. *Id.* A carrier must:

> (1) maintain a tariff within the prescribed guidelines of the Interstate Commerce Commission;[1] (2) give the shipper a reasonable opportunity to choose between two or more levels of liability; (3) obtain the shipper's agreement as to the choice of liability; and (4) issue a receipt or bill of lading prior to moving the shipment.

*Id.*

Additionally—and importantly here—the Carmack Amendment provides that a carrier may impose a time limit on the filing of claims against it, so long as the limit is not less than nine months. 49 U.S.C § 14706(e)(1); *see also Siemens*

---

[1] The first prong of this test was largely eliminated by the abolition of the Interstate Commerce Commission and its replacement by the Surface Transportation Board. *See UPS Supply Chain Sols., Inc.*, 750 F.3d at 1286 n.3.

*Power Transmission & Distribution, Inc. v. Norfolk S. Ry. Co.*, 420 F.3d 1243, 1248 (11th Cir. 2005) (stating that a shipper must file with the carrier a notice of claim that provides the carrier notice of the claim before filing suit under the Carmack Amendment).

Under the applicable tariff here, before instituting a lawsuit due to a delayed shipment, a complaining party must first file a written claim with FedEx Ground within nine months of the date of delivery.  It is undisputed that Skanes did not file a claim with FedEx—within nine months or ever—before instituting her lawsuit. Accordingly, Skanes's Carmack Amendment claim is barred.

**AFFIRMED.**

6