**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

––––––––––––––––––––––––

No. 25-12187

Non-Argument Calendar

––––––––––––––––––––––––

KIRK ANTHONY BENNETT,

*Plaintiff-Appellant,*

*versus*

UNITED STATES OF AMERICA,
D. SWAIN,

Corrections Officer,

*Defendants-Appellees,*

FEDERAL BUREAU OF PRISONS, et al.,

*Defendants.*

––––––––––––––––––––––––

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 5:23-cv-00224-MCR-MJF

––––––––––––––––––––––––

Before GRANT, ABUDU, and ANDERSON, Circuit Judges.

2                          Opinion of the Court                    25-12187

PER CURIAM:

Kirk Bennett filed suit pro se after a prison guard emptied a can of pepper spray into his cell.  As relevant here, he alleged under *Bivens* that the officer violated his Eighth Amendment rights.  He also repeatedly requested court-appointed counsel, but the magistrate judge denied his requests.  The Prisoner Litigation Reform Act required the district court to screen Bennett's complaint sua sponte.  28 U.S.C. § 1915A(b)(1).  The result?  The district court dismissed it for failing to state a claim.[1]  Bennett now argues that the district court should have construed his claim against Swain as one brought under the Federal Tort Claims Act and that the magistrate judge should have granted his request for court-appointed counsel.  We disagree and affirm.

**I.**

We review de novo a sua sponte dismissal for failure to state a claim under 28 U.S.C. § 1915A(b)(1).  *Leal v. Georgia Dep't of Corr.*, 254 F.3d 1276, 1279 (11th Cir. 2001).  We review a denial of a motion for appointment of counsel for abuse of discretion.  *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999).

---

[1] Bennett also alleged a First Amendment retaliation claim and a Federal Tort Claims Act claim against the United States.  Neither is at issue in this appeal.

## II.

We consider first whether the district court erred in failing to construe Bennett's *Bivens* claim as an FTCA claim before turning to whether the court erred in failing to appoint counsel for him.

### A.

We liberally construe pro se pleadings, but we do not serve as de facto counsel and rewrite arguments for the parties. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014). The relevant question is what claims the party made, not what claims could have been made. *Nalco Co. v. Bonday*, 142 F.4th 1336, 1341 (11th Cir. 2025), *petition for cert. filed*, No. 25-632 (Nov. 26, 2025).

On appeal, Bennett argues that the district court should have liberally construed his allegations of abuse as a claim invoking the FTCA. We are unpersuaded. Bennett labeled his claim against Swain as a "Bivens Action." And the district court had reviewed a prior version of the complaint, informed him of the three scenarios where *Bivens* claims may succeed, and provided him an opportunity to amend. In all, Bennett amended his complaint three times in response to the district court's repeated warnings. Liberal construction did not require the district court to rewrite the complaint to turn his *Bivens* claim into an FTCA claim. *See id.* We affirm the dismissal of the *Bivens* claim.

### B.

Bennett next argues that the magistrate judge should have granted his motion for appointed counsel. But he waived this

4                     Opinion of the Court                 25-12187

argumet by failing to object to the magistrate judge's order. Under Rule 72(a), a party must object to a nondispositive order by a magistrate judge within 14 days of being served or it has waived the right to object. Fed. R. Civ. P. 72(a). A motion to appoint counsel is nondispositive. *See Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1365 (11th Cir. 2007). Here, Bennett did not object to the magistrate judge's order denying his motion at all, much less within 14 days, so he has waived this argument on appeal. *Id.*

★    ★    ★

We **AFFIRM** the judgment of the district court.