[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15206
Non-Argument Calendar
_____

D.C. Docket No. 8:12-cv-00855-SDM-EAJ

JOSEPH FLORENCE,

Plaintiff-Appellant,

versus

NOVO NORDISK INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 25, 2014)

Before TJOFLAT, HULL and ROSENBAUM, Circuit Judges.

PER CURIAM:

Joseph Florence brought this case against his former employer, Novo Nordisk, Inc. ("Novo"), asserting age discrimination and retaliation claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 623(a)(1) and (d).  After the issues were joined and the parties engaged in discovery, the District Court granted Novo's motion for summary judgment, and a final summary judgment was entered accordingly.  Florence appeals, challenging in addition to the summary judgment two nondispositive orders entered by the Magistrate Judge: an order granting, in part, Novo's motion for a discovery protective order under Federal Rule of Civil Procedure 26(c), and an order granting, in part, Novo's motion for sanctions under Federal Rule of Civil Procedure 37(a).  We affirm.

## I.

We consider first the nondispositive orders entered by the Magistrate Judge. The background against which the orders were entered is informative, so we start with Florence's employment with Novo and go from there.

Novo is responsible for marketing Nordisk A/S's pharmaceutical products in the United States—in particular, products related to bleeding disorders.  Florence went to work for Novo on January 8, 2001.  He was 47 years old.  Novo terminated his employment on November 19, 2010.  His last job with the company was BioPharmaceutical Sales Manager.  In that capacity, he contacted health care

2

professionals about Nordisk A/S's products and provided them with educational tools and resources, including product literature.  According to Novo, it terminated Florence's employment because of his poor job performance—his failure to meet the minimum requirements of his position.

On March 14, 2011, Florence filed a Charge of Discrimination with the Florida Commission on Human Relations, alleging that he was subjected to age discrimination and retaliated against in violation of the Florida Civil Rights Act of 1992 ("FCRA"), FLA. STAT. §760.01 *et seq.* and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*  On September 8, 2011, following its investigation into the matter, the Commission determined that there was no reasonable cause to believe that Novo had engaged in any unlawful employment practice, stating:

> [Florence] was terminated for a legitimate non-discriminatory reason. Specifically, [he] was placed on a Performance Improvement Plan to assist him in conquering his performance problems.  [He] was repeatedly counseled on his failure to meet the minimum requirements for his position and when he failed to do so despite being given abundant opportunity, [Novo] terminated [his] employment. Additionally, [Novo] was able to prove that eight of the ten staff members [his supervisor supervised] over were over the age of 40.

Doc. 10-3, at 73.

Notwithstanding the Commission's no-reasonable-cause determination, Florence, on September 30, 2011, initiated a proceeding on his FCRA age

3

discrimination and retaliation claims before the Florida Division of Administrative

Hearings ("DOAH"), *Joseph G. Florence v. Novo Nordisk Inc.,* DOAH Case No.

11-51113.  While the case was before DOAH, Florence obtained extensive

discovery from Novo, including the taking of depositions of Novo employees

possessing information relevant to his claims.

The ALJ set March 21, 2012, as the trial date for Florence's case.  On March

15, Florence withdrew his claims, and his DOAH case was closed.  Then, on April

19, 2012, he brought the instant law suit.  His complaint contained the same

allegations he had presented to the ALJ in the DOAH proceeding, except that they

were brought only under the ADEA.  Florence thereafter served Novo with the

same discovery requests he previously made in the DOAH proceeding.  On

October 5, 2012, Novo, in an effort to avoid having to duplicate the discovery it

had provided Florence in the DOAH proceeding, moved the District Court for a

protective order pursuant to Federal Rule of Civil Procedure 26(c).  The District

Judge referred the motion to the Magistrate Judge, who held several hearings on

the matter.  On December 19, 2012, the Magistrate Judge granted Novo's

protective order in part and denied it in part—granting Florence permission to re-

depose his immediate supervisor regarding any documents produced in discovery

after he deposed the supervisor in the DOAH proceeding, and to depose two

individuals who had knowledge about Florence's job performance—and deferred

4

ruling in part. Doc. 20, at 1-2.[1] On January 8, 2013, the Magistrate Judge

resolved the deferred issues in favor of Novo. Doc. 24. Florence did not file

objections to the Magistrate Judge's order pursuant to Federal Rule of Civil

Procedure 72(a).

On April 10, 2013, Novo moved the District Court Novo to enter an order

awarding it expenses, including attorney's fees, pursuant to Federal Rule of Civil

Procedure 37(a)(5)(A).[2] The District Court referred the matter to the Magistrate

Judge. On August 23, 2013, the Magistrate Judge entered an order granting

Novo's motion as follows:

> Defendant is entitled to up to seventy-five percent of its reasonable
> expenses, including attorneys' fees, incurred in filing the motion for
> protective order. This is appropriate as Defendant's motion for
> protective order was granted as to most of the relief sought. . . . If the
> parties are unable to agree as to the amount, the Court will decide the
> amount of sanctions.

---

[1] As it turned out, Florence did not depose the three witnesses.

[2] The motion represented that Novo

was compelled to file its Motion for Protective Order, supplement its
Case\Management Report, prepare for and attend three hearings before [the]
Magistrate Judge. . . , including an evidentiary hearing, and respond to Plaintiff's
needless Motion to Extend Time to Complete Discovery to protect itself from
Plaintiff's duplicative, burdensome, and harassing requests. Discovery is now
closed and, ultimately, the only discovery Plaintiff obtained in this case was
Defendant's 12 page supplemental document production. Notably, although this
Court granted Plaintiff's Motion to Extend Time to Complete Discovery, Plaintiff
did not take any depositions. Instead, out of the three depositions permitted by the
Court, Plaintiff never scheduled one of them and he unilaterally cancelled the
remaining two.

Doc. 34, at 1-2.

Doc. 64, at 6. Florence did not file objections to the Magistrate Judge's order pursuant to Rule 72(a). Meanwhile, on May 1, 2013, Novo moved the District Court for summary judgment. The court granted the motion on October 17, 2013.

With this background in hand, we consider now Florence's challenges to the Magistrate Judge's nondispositive orders granting in part Novo's motions for a protective order and for expenses and attorney's fees.

## A.

A party, or any person from whom discovery is sought, may move for a protective order in the court where the action is pending. Fed. R. Civ. P. 26(c). The motion should be "plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable." *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985). If it grants the motion, the court must limit the frequency or extent of discovery if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

Rule 72(a), Nondispositive Matters, states:

When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Novo's motion for a protective order was a nondispositive matter. Thus, the Magistrate Judge's ruling on the motion was a nondispositive order falling within Rule 72(a)'s ambit. *See Maynard v. Bd. of Regents of Div. of Univs. of Florida Dept. of Educ. ex rel. Univ. of S. Florida*, 342 F.3d 1281, 1286 (11th Cir. 2003). If Florence thought the Magistrate Judge's order contained constituted an abuse of discretion, he had an obligation under Rule 72 to file an objection to the order in the District Court. He did not and therefore was precluded from filing an objection here, in his brief on appeal. "[W]here a party fails to challenge a magistrate's nondispositive order before the district court, the party waived his right to appeal those orders in this Court." *Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1365 (11th Cir. 2007). The result of Florence's failure to object is that the Magistrate Judge's order stands as if it were affirmed.

7

B.

Rule 37 provides that if a motion for a protective order is "granted in part and denied in part, the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses" for prosecuting or defending the motion.  Fed. R. Civ. P. 37(a)(5)(C).  Rule 26(c) states that "Rule 37(a)(5) applies to the award of expenses."  Fed. R. Civ. P. 26(c)(3).   But the court must not award expenses if: (i) the movant filed the motion before attempting in good faith to resolve the issue without court action; (ii) the opposing party's actions were substantially justified; or (iii) other circumstances make an award of expenses unjust.  Fed. R. Civ. P. 37(a)(5)(A).  Like the Magistrate Judge's ruling on Novo's Rule 26(c) motion, the Magistrate Judge's ruling on disposition of Novo's Rule 37(a)(5)(A) motion falls under Rule 72, and because he did not object to the ruling, we do not consider it here.  The ruling stands as if it were affirmed.

II.

We review the grant of summary judgment *de novo*.  *Rojas v. Florida*, 285 F.3d 1339, 1341 (11th Cir. 2002).  "When deciding whether summary judgment is appropriate, all evidence and reasonable factual inferences drawn therefrom are reviewed in a light most favorable to the non-moving party."  *Id.* at 1341-42.  Summary judgment should be granted only when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue

8

as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).

The ADEA makes it "unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).  When a plaintiff relies on circumstantial evidence to establish his ADEA claim, as Florence did here, the district court applies the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *Sims v. MVM, Inc.*, 704 F.3d 1327, 1332-33 (11th Cir. 2013).

Under that framework, the plaintiff must first establish a *prima facie* case of discrimination.  *Chapman v. AI Transp.*, 229 F.3d 1012, 1024 (11th Cir. 2010)(*en banc)*.  Second, if a *prima facie* case is established, the burden shifts to the employer to present a legitimate, non-discriminatory reason for the employment action.  *Id.*  Third, if the employer articulates such a reason, the plaintiff may present evidence sufficient for a factfinder to conclude that the employer's proffered reason is a pretext for discrimination.  *Id.*

A plaintiff may show that an employer's proffered legitimate non-discriminatory reason is pretext by either "persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing

9

that the employer's proffered explanation is unworthy of credence." *Jackson v. State of Ala. State Tenure Comm'n*, 405 F.3d 1276, 1289 (11th Cir. 2005). "The district court must evaluate whether the plaintiff has demonstrated such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence." *Combs v. Plantation Patterns*, 106 F.3d 1519, 1538 (11th Cir. 1997). A plaintiff seeking to show pretext must "meet [the reason] head on and rebut it." *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1088 (11th Cir. 2004). We do not judge whether an employer's decisions are prudent or fair, but, instead, rather whether they were motivated by an unlawful animus. *Damon v. Fleming Supermarkets of Fla.*, *Inc.*, 196 F.3d 1354, 1361 (11th Cir. 1999). Moreover, a reason is not pretextual "unless it is shown both that the reason was false, and that discrimination was the real reason. *St. Mary's Honor Cts. v. Hicks*, 509 U.S. 502, 515, 113 S.Ct. 2742, 2751, 125 L.Ed.2d 407 (1993).

Florence did not meet Novo's reason for terminating him "head on and rebut it." *Wilson*, 376 F.3d at 1088. He admitted that, in his position as a sales manager, his call average was low throughout his employment, and his former manager had expressed displeasure with his administrative efficiency and Blackberry use—all issues outlined in the Performance Improvement Plan ("PIP") that preceded his termination. Furthermore, even if company officials had already formed the intent

10

to terminate him regardless of the results of his PIP, that did not show that they were going to terminate him anyway, *because of his age*. *See St. Mary's Honor Ctr.*, 509 U.S. at 515, 113 S.Ct. at 2751. Florence says his high sales numbers indicate pretext. But sales numbers were not at issue in his PIP, and we will not judge whether the employer's decisions were prudent or fair. *Damon*, 196 F.3d at 1361. In sum, Florence did not present "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in Novo's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence." *Combs*, 106 F.3d at 1538.

## III.

Employers are forbidden from discriminating against any employee because that individual opposed any practice made unlawful by the ADEA's provisions. *See* 29 U.S.C. § 623(d). The *McDonnell-Douglas* framework governs ADEA retaliation cases. *See Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 919 (11th Cir. 1993) (noting that this court has adapted Title VII principles to ADEA cases, and applying the *McDonnell-Douglas* framework to an ADEA retaliation case). A plaintiff alleging retaliation in violation of the ADEA must first establish a *prima facie* case by showing: (1) a statutorily protected expression; (2) a materially adverse action; and (3) a causal link between the protected expression and the adverse action. *See id*. Once the plaintiff has established a *prima facie*

case of retaliation, the burden shifts to the defendant to rebut the presumption of retaliation by producing legitimate reasons for the adverse employment action. *Id*.

To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince this court that every stated ground is incorrect. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). When an appellant fails to challenge on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge on that ground; hence, it follows that the judgment is due to be affirmed. *Id*.

The District Court did not find that Florence established a *prima facie* case of retaliation, and he has not expressly argued the issue on appeal, so it is abandoned, and the judgment is due to be affirmed on that ground. *Sapuppo*, 739 F.3d at 680. Additionally, even if he had not abandoned the issue, and he had established a *prima facie* case, Florence did not show that Novo's proffered legitimate, nondiscriminatory reason for its actions was merely a pretext for retaliation, for the same reasons he did not show that the reason was merely a pretext for age discrimination.

AFFIRMED.

12