[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15158
Non-Argument Calendar
_____

D.C. Docket No. 3:11-cv-00964-RBD-MCR

WARREN L. OLIVER,

Plaintiff-Appellant,

versus

OFFICER HARDEN,
a.k.a. Officer Hardy,
BARRY REDDISH,
Warden, in his own capacity,
OFFICER WOOD,
a.k.a. Officer Woody,
EUGENE MCLEMORE,
Sgt.,
a.k.a. Sgt. McCal,
L. T. SWAIN,
in his own capacity,
LT. BROWN,
 in his own capacity,

Defendants-Appellees,

SGT. DAVIS,
in his own capacity,

Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 1, 2014)

Before MARCUS, WILLIAM PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Warren L. Oliver, proceeding pro se and in forma pauperis, appeals from the

district court's grant of summary judgment in favor of the defendants in Oliver's

42 U.S.C. § 1983 action, claiming that the defendants were deliberately indifferent

to a substantial risk of serious harm to him in violation of the Eighth Amendment.

On appeal, Oliver argues that: (1) the defendants were not entitled to qualified

immunity because the evidence showed that they were on notice of the danger that

the inmates faced and that the inmates were improperly supervised; (2) the district

court erred in denying his motions to appoint counsel because his case is

meritorious; and (3) the district court improperly denied his motions to compel and

deprived him of necessary evidence.  After careful review, we affirm.

We review a district court's decision to grant summary judgment de novo,

viewing all of the evidence and its reasonable inferences in the light most favorable

to the nonmoving party.  Waddell v. Hendry Cnty. Sheriff's Office, 329 F.3d 1300,

1304 (11th Cir. 2003).  "Pro se pleadings are held to a less stringent standard than

2

pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

The relevant facts are these. In September 2011, Oliver, a Florida state prisoner, filed a pro se complaint against Officer Matthew Harden, Warden Barry Reddish, Officer Christopher Wood, Sergeant Eugene McLemore, and Lieutenant Shawn Swain (collectively, "defendants"). Defendants were Florida Department of Corrections ("FDOC") employees who worked at Union Correctional Institution ("UCI") during the relevant time period, and Oliver named them all in their individual capacities. Oliver said that the defendants had been deliberately indifferent to the substantial risk of serious harm to inmates by failing to properly restrain and monitor inmates while inmates were in a room called the day-room.

The evidence showed that Oliver was attacked by Robert Ohlin while the guards were escorting inmates back to their cells from the day-room and Oliver and Ohlin had been left alone there. Both Oliver and Ohlin were handcuffed at the time, and the attack occurred during a two-to-three minute interval when there was no guard in the day-room. Oliver and Ohlin did not have any prior incidents, and none of the defendants were aware of any risk that Ohlin posed generally to inmate safety or specifically to Oliver's safety.

The district court granted summary judgment to the defendants, concluding that Oliver had failed to allege facts showing a history of widespread failure to

protect inmates that was obvious, flagrant, rampant, and of a continued duration. It held that the policies and procedures in place at UCI were sufficient to protect and monitor the inmates, and the defendants responded reasonably. The court also concluded that the evidence was insufficient to show that the defendants had subjective knowledge of a substantial risk of serious harm to Oliver. Throughout the proceedings, Oliver filed multiple motions to compel and for appointment of counsel. A magistrate judge denied each of Oliver's motions. Oliver did not file objections to any of the denials of his motions.

First, we are unpersuaded by Oliver's argument that the district court improperly granted summary judgment with respect to his deliberate indifference claim. Federal Rule of Civil Procedure 56(a) states that summary judgment shall be granted if the pleadings and evidence show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Once the moving party makes the required showing, the non-moving party has the burden of rebutting that showing through affidavits or other relevant and admissible evidence beyond the pleadings. Josendis v. Wall to Wall Residence Repairs Inc., 662 F.3d 1292, 1315 (11th Cir. 2011).

Prison guards have a duty under the Eighth Amendment to protect inmates from violence at the hands of other inmates. Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003). Not every injury suffered by an inmate implicates this duty,

but rather it must be shown that the guard was deliberately indifferent to a substantial risk of serious harm. Id. To be deliberately indifferent, the guards must have been subjectively aware of the substantial risk of serious harm to the inmate and must have failed to respond reasonably to the risk. Id. To survive summary judgment, a plaintiff must show sufficient evidence of: (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation. Id. In so doing, the plaintiff must show that the defendants were aware of specific facts from which it could be inferred that a substantial risk of serious harm existed and that the defendants actually drew that inference. Id. Mere negligent failure to protect an inmate from attack does not justify liability. Id. at 1350. Further, a general awareness of an inmate's propensity for being violent does not satisfy the subjective awareness requirement. Id.

To hold a supervisor liable for constitutional violations, a plaintiff must show that either the supervisor participated directly in the unconstitutional conduct or the supervisor's actions were causally connected to the alleged constitutional violation. Harrison v. Culliver, 746 F.3d 1288, 1298 (11th Cir. 2014). The necessary causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fails to do so, or when his customs or policies result in deliberate indifference to constitutional rights. Id. An excessive risk of inmate-on-

5

inmate violence creates a substantial risk of serious harm, but occasional, isolated attacks by one prisoner on another may not constitute an Eighth Amendment violation. Id. at 1299. The evidence of inmate-on-inmate violence must rise to the level such that inmates were exposed to the constant threat of violence. Id.

Here, Oliver's claim fails because he has not established that the defendants had subjective awareness of the substantial risk of serious harm. First, it was undisputed that the guards were frequently returning to the day-room because they were escorting inmates to their cells, and both Oliver and Ohlin were handcuffed at the time of the attack. As a result, arguments and evidence related to claims of insufficient supervision or use of restraints are irrelevant to this specific incident. Second, the evidence shows that Oliver and Ohlin had no conflict prior to the attack, none of the guards had any knowledge that Ohlin was particularly violent, and Oliver had not asked to not attend the day-room or to be protected from Ohlin. In any event, a general awareness of an inmate's propensity for being violent does not satisfy the subjective awareness requirement. Moreover, the evidence is insufficient to establish that inmates were exposed to the constant threat of violence. To that end, Oliver reported that he had attended the day-room numerous times before and after the attack without incident, and he had never alerted the defendants that he feared for his safety based on the general amount of violence that occurred at UCI. Thus, even when viewed in the light most favorable to

6

Oliver, the evidence shows that the attack appears to be an isolated incident of violence in the day-room. It was, at most, the fifth such attack that occurred in the day-room over a two-year period, despite the high frequency of inmates attending the day-room.

We are also unconvinced by Oliver's claim that the district court should have granted his motions to appoint counsel and to compel the production of necessary evidence. According to Federal Rule of Civil Procedure 72(a), "[a] party may serve and file objections to [a magistrate judge's] order within 14 days after being served with a copy," but "[a] party may not assign as error a defect in the order not timely objected to." We have read Rule 72 to mean that, "where a party fails to timely challenge a magistrate's nondispositive order before the district court, the party waived his right to appeal those orders [on appeal]." Smith v. Sch. Bd. of Orange Cnty., 487 F.3d 1361, 1365 (11th Cir. 2007).

As the record shows, Oliver failed to object to any of the magistrate judge's denials of his motions that he seeks to challenge on appeal. Thus, he has waived his right to appeal those denials, and we will not consider them. Accordingly, we affirm the district court's grant of summary judgment.

**AFFIRMED**.

7