[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11524
Non-Argument Calendar
_____

D.C. Docket Nos. 2:16-cv-00637-WKW-GMB; 2:17-cv-00031-WKW-GMB


MORRIS SANDERS,

Plaintiff-Appellant,

versus

WAL-MART STORES EAST, LP,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(January 2, 2019)


Before MARCUS, WILLIAM PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Morris Sanders, proceeding pro se, appeals: (1) the district court's denial of his motion to appoint counsel; (2) its grant of defendant Wal-Mart Stores East, LP's (Wal-Mart) motion for judgment on the pleadings as to a portion of Sanders' race-discrimination claims; and (3) its grant of Wal-Mart's motion for summary judgment on his remaining claims.  On appeal, Sanders contends the district court abused its discretion by refusing to appoint counsel to act on his behalf.  He further contends the district court violated his right to a trial by jury by granting summary judgment.  He also contends the district court applied the wrong legal standard in determining there were no genuine issues of material fact as to whether his termination was pretextual.  Finally, he contends the district court erred because Wal-Mart unlawfully retaliated against him.  After review,[1] we affirm.

## I.  DISCUSSION

### A.  Waiver and Abandonment

As an initial matter, most of Sanders' challenges and arguments have been either waived or abandoned by his failure to properly preserve and develop them. First, Sanders waived his challenge to the magistrate judge's order denying his

---

[1] "We review de novo a district court's entry of judgment on the pleadings, accepting the facts in the complaint as true and viewing them in the light most favorable to the nonmoving party." *Horsley v. Feldt*, 304 F.3d 1125, 1131 (11th Cir. 2002) (emphasis removed).  Similarly, we review de novo a district court's grant of summary judgment, "construing all facts and drawing all reasonable inferences in favor of the nonmoving party." *Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 919 (11th Cir. 2018).  A district court's decision not to appoint counsel, however, is reviewed for abuse of discretion. *Smith v. Sch. Bd. of Orange Cty.*, 487 F.3d 1361, 1365 (11th Cir. 2007).

motion to appoint counsel. Under Federal Rule of Civil Procedure 72, a party has 14 days to file objections to a magistrate judge's ruling on nondispositive matters. Fed. R. Civ. P. 72(a). We have held that where, as here, a litigant fails to timely challenge a magistrate judge's nondispositive order in the district court, the litigant loses his right to appeal that order in this Court. *See Smith v. Sch. Bd. of Orange Cty.*, 487 F.3d 1361, 1365 (11th Cir. 2007). Because Sanders did not timely object to the magistrate's order denying his motion to appoint counsel,[2] his challenge to that order has been waived. *See id.*

Second, Sanders waived his argument that summary judgment is unconstitutional as applied to discrimination cases, because he did not timely raise it in the district court.[3] *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) ("This Court has repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered in this court." (quotation omitted)).

---

[2] On pages iv and 1 of his reply brief, Sanders appears to conflate the magistrate judge's order denying his motion to appoint counsel (Doc. 42), to which Sanders did not file an objection, with the magistrate judge's Report & Recommendation on the merits of his claims (Doc. 79), to which Sanders did file an objection (Doc. 82). To appeal the magistrate judge's order denying his motion to appoint counsel (Doc. 42), Sanders was required to object to *that* order within 14 days. *See* Fed. R. Civ. P. 72(a); *Smith*, 487 F.3d at 1365.

[3] Even if he had preserved the argument, it would fail on the merits. *See Jefferson*, 891 F.3d at 919 (describing the same argument as "[n]onsense").

3

Third, Sanders waived any challenge based on his allegedly receiving unemployment benefits after he was terminated from Wal-Mart. Neither Sanders' argument nor any supporting evidence was presented to the magistrate judge in response to Wal-Mart's motion for summary judgment. Thus, the district court appropriately concluded the argument was waived. *See Lodge v. Kondaur Capital Corp.*, 750 F.3d 1263, 1274 (11th Cir. 2014) (holding that the district court did not abuse its discretion by declining to consider an argument raised for the first time in an objection to a magistrate's R&R); *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("We . . . hold that a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge.").

Fourth, Sanders waived any challenge to the district court's partial grant of judgment on the pleadings as to his Title VII claims, because Sanders failed to make any arguments addressing the issue in his objection to the R&R. *See* 11th Cir. R. 3-1.

Finally, by failing to provide more than perfunctory and conclusory statements in support of his assertions on appeal, Sanders has abandoned any challenge to: (1) the district court's conclusion that he waived or abandoned his Title VII claims[4]; and (2) the district court's conclusion that Wal-Mart was entitled

---

[4] Sanders appears to misunderstand the legal effect of not timely raising arguments. He

4

to summary judgment on Sanders' claims under the Family Medical Leave Act (FMLA). *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."); *Farrow v. West*, 320 F.3d 1235, 1242 n.10 (2003) ("[Plaintiff] makes a passing reference to the district court's dismissal of this claim but fails to argue on the merits as to this issue.  Accordingly, the issue is deemed waived.").

## B.  Retaliation

We next turn to the sole issue properly presented by Sanders—whether summary judgment was appropriate on his claim that Wal-Mart unlawfully retaliated against him.  As an initial matter, to the extent Sanders contends the R&R applied the wrong legal standards because it cited distinguishable cases, his argument lacks merit.  The R&R states and applies the correct legal standards; it only cites the cases referenced by Sanders for general propositions of applicable law.

---

states in his opening brief that, "after careful review of the record," he could not find "where he abandoned his racial discrimination claim or any claim he stated in his amended complaint and original complaints."  Br. of Appellant at 11.  One need not affirmatively waive or abandon a claim or argument; claims and arguments may be (and frequently are) waived or abandoned through inaction.

As to the merits of Sanders' retaliation claim, the district court correctly determined there were no genuine issues of material fact as to whether Wal-Mart's stated reason for Sanders' termination was mere pretext for unlawful retaliation. Sanders first contends his job was "not in jeopardy before his injury." Br. of Appellant at 18. Thus, he contends, it is reasonable to infer his termination was actually motivated by his injury and accommodations request. Although the temporal proximity between Sanders' October 2016 accommodation request and his termination was very close, temporal proximity alone is generally insufficient to establish pretext. *See Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1298 (11th Cir. 2006); *Wascura v. City of South Miami*, 257 F.3d 1238, 1244–45 (11th Cir. 2001). Moreover, by his own admission, Sanders did not have a problem with unexcused absences until after he was injured. Thus, a jury could not infer, based solely on the fact that his termination came after his injury, that Sanders' termination was motivated by his injury rather than his excessive unexcused absences.

Sanders does not dispute that he had 63 unexcused absences under a policy that subjects employees to termination after they have accrued 9 such absences. Instead, he suggests Dr. Davis, the workers-compensation doctor provided by Wal-Mart, wrongly refused to certify that all of his previous absences were because of his work injuries. Moreover, he alleges Dr. Davis prematurely cleared him to

return to full duty—which resulted in additional unexcused absences. But Sanders did not provide any admissible evidence to support these conclusory assertions.

Indeed, Sanders offered no medical evidence demonstrating that his previous absences were due to his medical conditions. Nor did he offer any medical evidence contradicting Dr. Davis's opinion that he was ready to return to full duty in August 2016. More importantly, Sanders offered no evidence suggesting his protected conduct was in any way related to either Dr. Davis's refusal to certify his previous absences as medically excused or Dr. Davis's assessment of his ability to return to full duty in August 2016. Consequently, there is no evidence on which a jury could conclude Wal-Mart orchestrated Sanders' unexcused absences in an effort to terminate him in retaliation for his protected conduct.

## II.  CONCLUSION

Sanders has waived or abandoned nearly all of his challenges to the district court's orders denying his motion to appoint counsel, partially granting Wal-Mart's motion for judgment on the pleadings, and granting Wal-Mart's motion for summary judgment. The district court did not err in concluding Sanders failed to present sufficient evidence to show Wal-Mart's stated reason for his termination was pretext for unlawful retaliation.

**AFFIRMED.**