**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-12736

Non-Argument Calendar

_____

TIMOTHY L. KING,

*Plaintiff-Appellant,*

*versus*

TRUIST BANK,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:23-cv-00095-JCF

_____

Before JILL PRYOR, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

Timothy King, proceeding *pro se* on appeal, appeals from the district court's grant of summary judgment for Truist Bank (Truist) on his claim for consumer-rights violations under the Fair Credit

Reporting Act (FCRA), 15 U.S.C. § 1681s-2(b), and denial of his motion to withdraw his admissions and file out-of-time responses. King contends the district court abused its discretion by denying his motion to withdraw his admissions and file out-of-time responses because he should have had the opportunity to respond to Truist's requests for admission once he learned that his attorney had failed to respond on his behalf. King also asserts the district court erred by granting Truist's motion for summary judgment without first holding a hearing, and that it did so to punish him for not responding to Truist's requests for admission. After review,[1] we affirm.

## I. DISCUSSION

### A. Motion to Withdraw Admissions

A party may "serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting

---

[1] We review the district court's denial of a motion to withdraw admissions under the abuse-of-discretion standard. *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002). We review summary judgment rulings *de novo*, "viewing all facts and reasonable inferences in the light most favorable to the nonmoving party." *Hinkle v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295, 1300 (11th Cir. 2016) (quotation marks omitted).

party a written answer or objection addressed to the matter and signed by the party or its attorney." *Id.* R. 36(a)(3).

In deciding whether to allow a party to withdraw admissions, district courts should consider, first, "whether the withdrawal will subserve the presentation of the merits," and second, "whether the withdrawal will prejudice the party who obtained the admissions in its presentation of the case." *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1264 (11th Cir. 2002). The first prong of the two-part test from Rule 36(b) "emphasizes the importance of having the action resolved on the merits," therefore, a withdrawal is proper when it "aid[s] in the ascertainment of the truth and the development of the merits." *Id.* at 1266 (quotation marks omitted). The second prong requires the court to ascertain "the difficulty a party may face in proving its case . . . because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions." *Id.* (quotation omitted).

The district court did not abuse its discretion in denying King's motion to withdraw his admissions. *See id.* Truist served King with requests for admissions and King did not dispute that he never responded, thus, the matters set forth in the requests for admission were admitted under Rule 36. Fed. R. Civ. P. 36(a)(3). To withdraw his admissions, King needed to demonstrate that the withdrawal would promote the presentation of the merits by aiding in ascertaining the truth and developing the merits. *See Perez*, 297 F.3d at 1266. His motion, however, stated only that the withdrawal would subserve the presentation of the merits "since these

admission[s] address[] nearly all the essential elements of the claim." He did not identify which admissions he sought to withdraw, explain how he would have answered, or discuss how his withdrawal would aid in developing the merits of his case. As such, King failed to demonstrate how withdrawal would subserve the presentation of the merits, and thus, could not satisfy the two-prong test for withdrawal. *See id.* at 1264.

Furthermore, contrary to his argument, the district court had no obligation to provide King an opportunity to answer Truist's requests for admission after he learned that his attorney failed to respond. While he asserts that he was unaware of the request for admissions, his counsel did not dispute that he was served with Truist's requests. Thus, King was considered notified of Truist's request for admission when his attorney received them. *See Link v. Wabash Ry. Co.*, 370 U.S. 626, 633-34 (1962) (stating a party cannot avoid the consequences of the acts or omissions of his voluntarily selected "lawyer-agent," for he is "deemed bound by the acts" of the attorney and is considered to have "notice of all facts, notice of which can be charged upon the attorney"). King is bound by his voluntarily selected attorney's actions and inactions. *See id.* Thus, the district court acted within its discretion when it denied his motion to withdraw his admissions. *Perez*, 297 F.3d at 1263-64.

B. *Hearing*

In the U.S. District Court for the Northern District of Georgia, "[m]otions will be decided by the court without oral hearing, unless a hearing is ordered by the court." N.D. Ga. Civ. R. 7.1(E).

Furthermore, "[i]t is well settled in this circuit that Rule 56(c) does not require an oral hearing." *Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1367 (11th Cir. 2007); *see generally* Fed. R. Civ. P. 56(c). The district court did not err by granting Truist's motion for summary judgment without first holding a hearing because it had no obligation to do so. *See Smith*, 487 F.3d at 1367.

## C.  Summary Judgment

Congress enacted the FCRA to both protect consumers from unfair reporting methods and ensure the credit system would retain the fairness and accuracy required by the banking system to efficiently allocate consumer credit. 15 U.S.C. § 1681. The FCRA imposes two duties on "furnishers," who are entities, such as bank creditors, that give consumer information to credit reporting agencies. 15 U.S.C. § 1681s-2(a), (b); *Milgram v. Chase Bank USA, N.A.*, 72 F.4th 1212, 1217 (11th Cir. 2023). First, a furnisher has a duty under 15 U.S.C. § 1681s-2(a)(1)(A) to avoid providing information to credit reporting agencies the furnisher knows or has reasonable cause to believe is inaccurate. *Milgram*, 72 F.4th at 1217. Second, upon receipt of a notice from a credit reporting agency that a consumer disputes the completeness or accuracy of any information provided by a furnisher, the furnisher has a duty under 15 U.S.C. § 1681s-2(b) to conduct a "reasonable investigation" with respect to the disputed information. *Id.* at 1218.

Consumers do not have a private right of action under § 1681s-2(a) against furnishers who have reported inaccurate information. *Felts v. Wells Fargo Bank, N.A.*, 893 F.3d 1305, 1312 (11th

Cir. 2018); *see* 15 U.S.C. § 1681s-2(c)(1), (d). "Instead, the only private right of action consumers have against furnishers is for a violation of § 1681s-2(b) . . . ." *Felts*, 893 F.3d at 1312; *see* 15 U.S.C. § 1681s-2(b). Investigations under § 1681s-2(b) are evaluated under a reasonableness standard, and what counts as a reasonable investigation varies depending on the circumstances of the case. *Hinkle v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295, 1302 (11th Cir. 2016). A furnisher's investigation produces one of three outcomes: "verification of accuracy, a determination of inaccuracy or incompleteness, or a determination that the information 'cannot be verified.'" *Id.* (quoting 15 U.S.C. § 1681s-2(b)(1)(E)). If a furnisher verifies an account, "the question of whether the furnisher behaved reasonably will turn on whether the furnisher acquired sufficient evidence to support the conclusion that the information was true." *Id.* at 1303. A furnisher may verify the information is accurate by "uncovering documentary evidence that is sufficient to prove that the information is true," or by "relying on personal knowledge sufficient to establish the truth of the information." *Id.*

A plaintiff cannot succeed on a § 1681s-2(b) claim without identifying inaccurate or incomplete information the furnisher provided to the reporting agency. *Felts*, 893 F.3d at 1313. Thus, if the undisputed facts indicate the plaintiff has not met this threshold, the furnisher is entitled to judgment as a matter of law. *Id.*

The district court did not err in granting Truist's summary judgment motion. To show its reporting to the credit reporting agencies was accurate, Truist provided King's Account Agreement,

in which King agreed (1) to pay the minimum payment stated in each Account statement by the respective due date; and (2) that any payment on his Account in excess of the minimum amount in one month would not be applied to the next month's minimum payment. Truist also provided Account statements from February through May 2022 that demonstrated that, as of May 25, 2022, King's Account was 60 days past due for the March 2022 payment and 30 days past due for the April 2022 payment. This was sufficient for Truist—the moving party—to meet its initial burden. *See See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (explaining the party moving for summary judgment has the initial burden of demonstrating through evidence that there is no genuine issue of material fact).

The burden then shifted to King to show probative evidence of a genuine issue of material fact. *See id.* at 324 (stating the non-movant must then rebut the moving party with evidence showing a genuine dispute). He failed to do so. In his response to Truist's undisputed statement of material facts,[2] King did not dispute he did not make payments on his Account in March and May 2022. He did, however, dispute the minimum and past-due amounts "allegedly owed and reflected" on the Account statements dated March 31, 2022, April 30, 2022, and May 31, 2022, were "accurately calculated," citing to paragraphs four and eight of his declaration as

---

[2] The district court considered King's belated response to Truist's motion for summary judgment and the documents provided by King in support "out of abundance of caution."

support for his assertions.  Neither paragraph, however, asserted the minimum and past-due amounts on these Account statements were inaccurate.  And while paragraph eight of his declaration referenced two letters he received from Truist "admitting and apologizing for errors" related to his Account, neither letter showed the minimum and past-due amounts on these Account statements were inaccurate.  He also asserted Truist's records demonstrated that, contrary to the Account Agreement, it applied overpayments to the next month's payment, but he did not assert Truist's alleged handling of overpayments resulted in inaccurate minimum and past-due amounts on these Account statements, nor did he cite to any record demonstrating as such.  King provided no other evidence to dispute the minimum amounts due on the Account statements dated March 31, 2022, April 30, 2022, and May 31, 2022.  As such, his speculative, merely colorable, evidence is insufficiently probative to create a genuine issue of material fact as to the accuracy of Truist's reporting that in May 2022, his Account was 60 days past due for the March 2022 payment and 30 days past due for the April 2022 payment.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (explaining if the nonmovant presents evidence that is merely colorable, or not significantly probative of a disputed material fact, the movant is entitled to summary judgment).  Thus, the district court did not err in determining Truist was entitled to summary judgment.[3]  *Felts*, 893 F.3d at 1313.

---

[3] Nothing in the record indicates the court granted Truist's motion for summary judgment as a sanction for his failure to respond to Truist's requests for

## II. CONCLUSION

The district court acted within its discretion by denying King's motion to withdraw his admissions and file out-of-time responses because King did not demonstrate the withdrawal would have subserved the presentation of the case's merits. Additionally, the district court had no obligation to hold a hearing prior to granting Truist's motion and nothing in the record indicates the court granted summary judgment to punish King for his failure to respond to Truist's requests for admission. Moreover, the district court did not err in granting summary judgment because King did not present evidence of a genuine issue of material fact demonstrating that Truist's reports of his past-due payments to the credit reporting agencies were inaccurate.

**AFFIRMED.**

---

admissions. Rather, the court entered judgment for Truist because King, who would have carried the burden of proof at trial, failed to make a sufficient showing to establish the inaccuracy of Truist's reporting to the credit reporting agencies. *See Celotex Corp.*, 477 U.S. at 322; *Felts*, 893 F.3d at 1313.