**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 23-13816

Non-Argument Calendar

————————————

LATARA HARRIS,

*Plaintiff-Appellee,*

*versus*

BATH & BODY WORKS, LLC,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:22-cv-23351-TKW-HTC

————————————

Before JILL PRYOR, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Latara Harris, proceeding *pro se*, appeals the magistrate judge's order denying her request to file her second untimely Federal Rule of Civil Procedure 26 ("Rule 26") disclosures and the

district court's grant of summary judgment in favor of Bath & Body Works, LLC ("Bath & Body Works") on her 42 U.S.C. § 1981 racial discrimination claims, which were based on Bath & Body Works's failure to accept her exchange of candles.[1]  First, Harris argues that the magistrate judge's denial of her second untimely Rule 26 disclosures, which included various exchange receipts, telephone records, and "[c]orporate documents," amounted to "judicial prejudice," as the magistrate judge permitted Bath & Body Works to file additional evidence following discovery and allowed her attorney to withdraw from her case despite her requests to her attorney to file additional evidence.  Second, Harris contends that the district court erred by granting summary judgment in favor of Bath & Body Works based on its conclusion that she failed to provide valid comparators, its determination that she failed to establish that Bath & Body Works denied her exchange based on her race, and its failure to consider her evidence that Bath & Body Works tampered with a recording and transcript of a phone call between her and a customer service representative.

---

[1] We held this case in abeyance pending our decision in *Weinstein v. 440 Corp.*, No. 23-13807 (11th Cir. July 25, 2025).  That opinion has since issued holding that Rule 41(a) permits the dismissal of individual plaintiffs in cases involving multiple plaintiffs when all claims against any defendant have been voluntarily relinquished.  Following supplemental briefing, all parties agree that we have jurisdiction over this appeal following the voluntary dismissal filed by Sincere Harris.

## I.

The Federal Magistrates Act created the position of a federal magistrate judge who could be assigned to hear and determine nondispositive pretrial matters, subject to reconsideration by the district court if the order is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A). Federal Rule of Civil Procedure 72 governs the function of magistrate judges and provides that parties must file any objections to a magistrate judge's nondispositive order within 14 days for the district judge to consider the objections and modify or set aside any erroneous part of the order. Fed. R. Civ. P. 72(a). If a party fails to timely object to a magistrate judge's nondispositive order before the district court, she waives her right to appeal those orders before us. *Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1365 (11th Cir. 2007).

Because Harris failed to object to the magistrate judge's nondispositive order or otherwise appeal that order to the district court, we conclude that Harris waived her right to appeal that order, and we dismiss her appeal as to this issue. We now turn to the district court's order granting summary judgment.

## II.

We review *de novo* the district court's order granting summary judgment. *Todd v. Fayette Cnty. Sch. Dist.*, 998 F.3d 1203, 1214 (11th Cir. 2021). A movant is entitled to summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On review, we draw "all reasonable inferences in favor of the

nonmovant" and "neither weigh the evidence nor make credibility determinations." *Todd*, 998 F.3d at 1214. We may affirm the district court's judgment on any ground supported by the record. *Id.*

At summary judgment, the moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1292 (11th Cir. 2012). The burden then "shifts to the non-moving party to rebut that showing by producing . . . relevant and admissible evidence beyond the pleadings." *Id.* (quotation marks omitted). The nonmoving party cannot rebut such a showing with evidence that "is merely colorable, or is not significantly probative of a disputed fact." *Id.* (quotation marks omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Additionally, "unsupported speculation . . . does not meet a party's burden of producing some defense to a summary judgment motion," as it does not create a genuine issue of material fact but instead "creates a false issue, the demolition of which is a primary goal of summary judgment." *Cordoba v. Dillard's Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) (quotation marks omitted, alteration in original).

Under 42 U.S.C. § 1981, "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . and to the full and equal benefit of all laws and proceedings for the security of persons

23-13816                Opinion of the Court                5

and property as is enjoyed by white citizens." 42 U.S.C. § 1981(a). The phrase, "[m]ake and enforce contracts," is further defined as "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Id.* § 1981(b). To prevail on a claim under 42 U.S.C. § 1981, "a plaintiff must initially plead and ultimately prove that, but for race, [she] would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 341 (2020). In other words, a plaintiff "must allege facts establishing: (1) that [she] is a member of a racial minority; (2) that the defendant intended to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute." *Moore v. Grady Mem'l Hosp. Corp.*, 834 F.3d 1168, 1171–72 (11th Cir. 2016) (quotation marks omitted). "[A] plaintiff cannot state a claim under § 1981 unless [s]he has (or would have) rights under the existing (or proposed) contract that [s]he wishes to make and enforce." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 479–80 (2006) (quotation marks omitted).

A plaintiff may prove racial discrimination through either direct or circumstantial evidence. *See Lewis v. City of Union City (Lewis I)*, 918 F.3d 1213, 1220 & n.6 (11th Cir. 2019) (*en banc*). "Direct evidence is evidence, that, "if believed, proves [the] existence of [discriminatory intent] without inference or presumption." *Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 921 (11th Cir. 2018) (quotation marks omitted, alterations in original). "Evidence that only suggests discrimination, or that is subject to more than one interpretation, does

6                    Opinion of the Court                    23-13816

not constitute direct evidence." *Merritt v. Dillard Paper Co.*, 120 F.3d 1181, 1189 (11th Cir. 1997) (citations omitted). "In contrast, circumstantial evidence merely suggests, but does not prove, a discriminatory motive, and may be evaluated under the burden-shifting test established in *McDonnell Douglas Corp. v. Green*."[2] *Jefferson*, 891 F.3d at 921-22 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)) (quotation marks and citation omitted).

"[U]nder *McDonnell Douglas*, the plaintiff bears the initial burden of establishing a *prima facie* case of discrimination by showing (1) that she belongs to a protected class, (2) that she was subjected to an adverse . . . action . . . , [and (3)] that [the defendant] treated similarly situated [individuals] outside her class more favorably." *Lewis I*, 918 F.3d at 1220-21 (quotation marks omitted). But a plaintiff need not demonstrate that her comparators are "nearly identical," only that her comparators are "similarly situated in all material respects." *Id.* at 1229 (quotation marks omitted). If successful, the burden shifts to the defendant to "articulate a legitimate, nondiscriminatory reason for its actions." *Id.* at 1221. Finally, if the defendant meets its burden, "the plaintiff must then demonstrate that the defendant's proffered reason was merely a pretext for unlawful discrimination." *Id.* A reason is not pretextual "unless it is shown both that the reason was false and that discrimination was

---

[2] We have held that "[a] § 1981 plaintiff seeking to prove racial discrimination by circumstantial evidence may proceed under the *McDonnell Douglas* burden-shifting framework, which was originally conceived for Title VII claims." *Ziyadat v. Diamondrock Hosp. Co.*, 3 F.4th 1291, 1296 (11th Cir. 2021) (citing *Lewis I*, 918 F.3d at 1220 n.5).

23-13816              Opinion of the Court                7

the real reason." *Brooks v. Cnty. Comm'n of Jefferson Cnty., Ala.*, 446 F.3d 1160, 1163 (11th Cir. 2006) (quotation marks and emphasis omitted). The pretext "inquiry . . . centers on the [defendant's] beliefs, not the [plaintiff's] beliefs and, to be blunt about it, not on reality as it exists outside of the decision maker's head." *Gogel v. Kia Motors Mfg. of Georgia, Inc.*, 967 F.3d 1121, 1148 (11th Cir. 2020) (*en banc*) (alteration in original, quotation marks omitted). "To show pretext, [the plaintiff] must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the [defendant's] proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence." *Alvarez v. Royal Atl. Devs., Inc.*, 610 F.3d 1253, 1265 (11th Cir. 2010) (quotation marks omitted). However, "[a] plaintiff is not allowed to recast [a defendant's] proffered nondiscriminatory reasons or substitute [her] business judgment for that of the [defendant]." *Id.* (quotation marks omitted, second alteration in original). Furthermore, the pretext inquiry centers on whether the defendant had non-discriminatory reasons for its actions, even if mistaken or unfair, or whether the defendant merely used the non-discriminatory reasons to conceal its discrimination based on race. *Id.* at 1266.

We have "repeatedly held that [isolated general racial remarks] are not direct evidence of discrimination because they are either too remote in time or too attenuated because they were not directed at the plaintiff." *Ross v. Rhodes Furniture, Inc.*, 146 F.3d 1286, 1291 (11th Cir. 1998) (emphasis omitted); *see also E.E.O.C. v. Alton Packaging Corp.*, 901 F.2d 920, 922, 924 (11th Cir. 1990) (holding that a production manager's statement, "you people can't do a

------- thing right," to a former black employee was a "stray remark," which did not constitute direct evidence of discrimination by itself). However, when viewed with other evidence, isolated general racial remarks may serve as circumstantial evidence of racial discrimination. *Ross*, 146 F.3d at 1291–92.

Finally, if a plaintiff fails to demonstrate a *prima facie* case under *McDonnell Douglas*, she may survive summary judgment by showing a "convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination." *Lewis v. City of Union City (Lewis II)*, 934 F.3d 1169, 1185 (11th Cir. 2019) (quotation marks omitted). A plaintiff may establish a "convincing mosaic" by pointing to evidence that demonstrates, among other things: (1) suspicious timing, ambiguous statements, or other information from which discriminatory intent might be inferred; (2) "systematically better treatment of similarly situated [individuals]"; and (3) "the [defendant's] justification is pretextual." *Id.*

Here, we conclude that the district court did not err in granting summary judgment in favor of Bath & Body Works because Harris failed to provide direct or circumstantial evidence or show a convincing mosaic of racial discrimination. The record contained evidence that, when drawing all reasonable inferences in favor of Harris, suggested at least some of Bath & Body Works's stores accepted exchanges that paralleled the one Harris sought during the incident. Harris failed to demonstrate that Bath & Body Works denied her exchange based on her race. She failed to provide direct or circumstantial evidence because Oberhausen's statement was,

23-13816              Opinion of the Court                    9

at most, an isolated general racial remark, and the comparators she pointed to were not similarly situated in all material respects.  Harris failed to show a convincing mosaic of racial discrimination because Troche and McNair were not similarly situated and she failed to demonstrate that Oberhausen's non-discriminatory reason was pretextual.  Oberhausen's request that the store contact the emergency operations center was also insufficient to show discrimination, and Harris's claim that various employees stalked her social media account was unsubstantiated.  We thus affirm as to this issue.

**AFFIRMED in part, DISMISSED in part.**